## R. C. McMAHON v. THE STATE.

### No. 2732. Decided May 25, 1904.

#### 1.—Continuance—Murder.

Where the State proved by two or three witnesses that appellant fired one or more shots at deceased, it was material for the defense to show by the absent witnesses that appellant's pistol had not been fired, and the motion for continuance should have been granted.

#### 2.—Threats—Unconnected Statement Inadmissible.

An isolated statement by defendant that if he had found the party he was looking for he expected he would be in jail, without other evidence showing or tending to show that it had reference to the deceased was inadmissible.

#### 3.—Evidence—Res Gestae.

There was no error in admitting the testimony of the State's witness as to a conversation had between B., the participant on defendant's side in the homicide, and the defendant, to the effect that immediately after the firing ceased and while B. was still alive on the gallery, appellant approached him and spoke to him, and B. said to him, "You are the cause of my getting killed," to which defendant replied, "You ought not to have gotten into it," as res gestae.

#### 4.—Same—Statement Calling for Reply.

Where a participant in the homicide on defendant's side was mortally wounded and defendant approached him and spoke to him, what the participant said and which called for some reply from defendant, and the fact that he did not reply was admissible against defendant as evidence.

#### 5.—Charge of the Court—Principals.

Where the evidence raised the issue on the law of principals, a charge on that phase is authorized, and the court was not required in that connection to single out the views in defendant's special instruction to the effect that unless he fired his pistol during the difficulty, or entered the building where deceased was killed, after it began, to acquit him.

#### 6.—Same—Abandoning Difficulty.

Where the evidence authorizes a charge on an abandonment of the difficulty, the court should further instruct the jury that if the accused did not reasonably believe that the deceased had withdrawn from the difficulty, but by his retreating was seeking a vantage ground to renew the attack, then the accused would have the right to follow him up in order to protect himself.

#### 7.—Same—Converse Propositions.

Where defendant and another are shown to have participated in the homicide, a charge that if one did the killing and defendant aided him by words or acts that defendant would be guilty, is proper: but the jury should have been further instructed that if the one did the killing and defendant did not encourage him by acts or words, or if the one did the killing in self-defense, the defendant would not be guilty of any offense.

#### 8.—Same—Provoking the Difficulty.

See opinion for the facts which do not raise the issue of provoking the difficulty, and that a charge thereon was not authorized.

Appeal from the District Court of Presidio. Tried below before Hon. B. C. Thomas.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Dean, Jno. R. Storms,* and *Walter Gillis,* for appellant.—A first application for a continuance made by a defendant in a criminal

cause on account of the absence of material witnesses, to secure whose attendance he has used due diligence, his application being duly sworn to and in other respects complying strictly with the law in regard to application for a first continuance, should be granted, or if refused and a conviction is had, a new trial should be awarded unless it appear from the testimony adduced upon the trial that the testimony of the absent witnesses is not material, or if material, is not probably true. White's Code Crim. Proc., art. 597; Harris v. State, 18 Texas Crim. App., 287; Irvine v. State, 20 Texas Crim. App., 12; McAdams v. State, 24 Texas Crim. App., 86; Mitchell v. State, 36 Texas Crim. Rep., 278.

The statement which Mrs. Orr testified that the defendant made to her, as set out in the assignment of error, was not shown by any testimony in this case to have had reference in any way to the deceased or to the transaction in which he afterwards lost his life. The action of the court in admitting said testimony was also urged as error in defendant's motion for a new trial. Goodwin v. State, 38 Texas Crim. Rep., 466; Holley v. State, 46 S. W. Rep., 39; Patton v. State, 80 S. W. Rep., 86; Tyson v. State, 14 Texas Crim. App., 388; Cesure v. State, 1 Texas Crim. App., 19; McWilliams v. State, 44 Texas, 116; Draper v. State, 22 Texas, 400; Wright v. State, 43 Texas, 170; Burge v. State, 32 Texas Crim. Rep., 359.

The statement made by Bell, as testified to by the witness Louis Oswald, being made after the shooting was over, and not authorized or approved by defendant, and being the statement of a mere conclusion upon the part of Bell as distinguished from the statement of fact, was not admissible upon the ground that it was a part of the res gestae, but the same was purely hearsay, and being calculated to prejudice the defendant in the minds of the jury should have been excluded. Greenl. on Ev., sec. 108, 16th ed.; De Walt v. H. E. & W. T. Ry. Co., 22 Texas Civ. App., 403; G. C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 74; Lane v. Bryan, 69 Am. Dec., 282; Carr v. State, 76 Ga., 592.

The court erred in refusing to give special charges numbers 1 and 2 asked by defendant, special charge number 1 being as follows: "You are further instructed to acquit the defendant unless you believe from the evidence beyond a reasonable doubt that the defendant, R. C. McMahon, entered the building where Henry S. Biggs was shot and thereby killed (if you believe he was killed) or participated in the shooting of said Biggs (if he was shot)."

Said special charge number 2 being as follows: "You are further instructed that if you believe from the evidence that the pistol of R. C. McMahon was not fired during the difficulty wherein Henry S. Biggs was killed (if you believe he was killed) and that said defendant McMahon did not fire a shot during said difficulty, or if you have a reasonable doubt thereof, or a reasonable doubt as to whether the pistol of said defendant had been discharged during the difficulty aforesaid,

then you will acquit the defendant." McLaughlin v. State, 10 Texas Crim. App., 340; Ainsworth v. State, 11 Texas Crim. App., 339; Reynolds v. State, 8 Texas Crim. App., 412; Riojas v. State, 8 Texas Crim. App., 49; Bond v. State, 23 Texas Crim. App., 180; Wheeler v. State, 34 Texas Crim. Rep., 350; Nalley v. State, 30 Texas Crim. App., 456; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427.

There being testimony tending to show that deceased attacked and shot defendant in the street near Carmichael's drugstore and immediately retreated into said drugstore, and it being an issue of fact under the testimony as to whether or not he retreated into said drugstore with the intention of abandoning said attack, or for the purpose of gaining a place of vantage from which to° renew or continue the same with greater safety to himself, and the court having instructed the jury upon the theory of the prosecution to the effect that if the deceased had abandoned the difficulty, and defendant pursued and shot him, should also have submitted to the jury the converse of the proposition and instructed them affirmatively in favor of the defendant to the effect that if deceased had not in fact abandoned the attack, but had retreated into said drugstore for the purpose of gaining a place of vantage from which to renew or continue said attack with greater safety to himself, or if it reasonably appeared to defendant that such was his purpose, and that he was still in danger of being killed or of receiving serious bodily injury at the hands of the deceased, and that he pursued and shot him under such circumstances that then and in that event he would be justified as having acted in his own necessary and proper self-defense. Nalley v. State, 30 Texas Crim. App., 456; McLaughlin v. State, 10 Texas Crim. App., 340; Ainsworth v. State, 11 Texas Crim. App., 339; Wasson v. State, 3 Texas Crim. App., 474; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427.

The court erred in its charge to the jury and in all that part of same which reads as follows, to wit:

"If you believe from the evidence that defendant did not shoot and kill Henry S. Biggs, or if you have a reasonable doubt thereof, you will find the defendant not guilty, unless you believe from the evidence beyond a reasonable doubt that Ed Bell killed Biggs under such circumstances as to make him, Bell, guilty of murder or manslaughter, under the instructions hereinbefore given you, and that the defendant was present at the time Bell killed Biggs and knew the unlawful intent of said Bell and aided by acts, or encouraged by words or gestures, the said Bell in the commission of such offense."

Because the same is upon the weight of the testimony and is incorrect and misleading in this, that the court did not in connection with said portion of its charge, nor elsewhere in its charge submit to the jury the

converse of the proposition contained in that portion of its charge above set out, nor instruct the jury affirmatively that if they found that the defendant did not shoot and kill the deceased, but that he was shot and killed by Ed Bell, and if they further found that the defendant was not present at the time of such killing, or if present that he did not know of the unlawful intent of said Bell, or if he was present and knew of such unlawful intent upon the part of Bell, but was not a party to such killing, and did not aid by acts nor encourage by words or gestures the said Bell in such killing, that then and in that event the defendant would be guilty of no offense, and if the jury believed the facts to so have been or had a reasonable doubt thereof, they should acquit the defendant. Cecil v. State, 72 S. W. Rep., 197; McLaughlin v. State, 10 Texas Crim. App., 340; Nalley v. State, 30 Texas Crim. App., 456; Ainsworth v. State, 11 Texas Crim. App., 339; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427.

The jury were nowhere instructed by the court affirmatively that if Bell unlawfully killed the deceased, and that if the defendant was not present, or if present did not know of the unlawful intent of Bell; or if present and knowing of the unlawful intent of Bell, did not aid nor encourage Bell in such killing, that he would be guilty of no offense and should be acquitted. Cecil v. State, 72 S. W. Rep., 197; McLaughlin v. State, 10 Texas Crim. App., 340; Nalley v. State, 30 Texas Crim. App., 456; Ainsworth v. State, 11 Texas Crim. App., 339; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427.

The court erred in its charge and in all those parts of same which authorize the jury to find the defendant guilty of any offense in case they find that deceased was killed by Ed Bell and in case they further find that Ed Bell was guilty of murder or manslaughter, and in failing in connection with said portion of its charge or elsewhere in its charge to submit to the jury the issue of self-defense in favor of said Bell, or to instruct the jury affirmatively that if deceased made an unlawful attack upon defendant or upon Bell by shooting or shooting at either of them in the street near Carmichael's drugstore, and if after doing so he retreated into the house for the purpose of gaining a place of vantage from which he could return to or continue said attack with greater safety to himself, and if in order to protect himself or the defendant from the danger of what reasonably appeared to him as danger of being killed by deceased, said Bell entered said store and was there shot by the deceased, and if thereupon said Bell shot and killed the deceased, that then and in that event he would have been justified as having acted in his own self-defense, and if the jury believed the facts to so have been or had a reasonable doubt thereof that they should acquit the defendant.

The above assignment will be submitted as a proposition. Parker v.

State, 34 S. W. Rep., 265; Wheeler v. State, 34 Texas Crim. Rep., 350; Nalley v. State, 30 Texas Crim. App., 456; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427; Ainsworth v. State, 11 Texas Crim. App., 339.

It is the duty of the court in its charge to apply the law to the facts in evidence and to submit to the jury in an affirmative charge all defensive issues having support in the testimony.

When the entire testimony in this case is considered we think it clearly raises the issue of deceased having attacked either defendant or Bell in the street near the drugstore and then retreating into the drugstore in order to gain a place of vantage from which to renew or continue the attack, as well as the issue of defendant of having shot him after entering the drugstore in the proper defense of either himself or Bell. The court failed in its charge to apply the law to the facts upon these issues or to submit them to the jury in an affirmative charge, to all of which defendant excepted. Parker v. State, 34 S. W. Rep., 265; Wheeler v. State, 34 Texas Crim. Rep., 350; McLaughlin v. State, 10 Texas Crim. App., 340; Ainsworth v. State, 11 Texas Crim. App., 339; Reynolds v. State, 8 Texas Crim. App., 413; Nalley v. State, 30 Texas Crim. App., 456; Burkhard v. State, 18 Texas Crim. App., 599; Meuley v. State, 26 Texas Crim. App., 274; Reynolds v. State, 14 Texas Crim. App., 427.

The court erred in its charge and in all those parts of same which relate to provoking a difficulty with deceased by defendant and Ed Bell, or either of them, because the same are mere abstract propositions of law, and are calculated to mislead and confuse the jury, and because such charges are not warranted by the testimony, and because the court failed therein or elsewhere in its charge to apply the law to the facts in the case or to any facts having support in the evidence, and failed to instruct the jury what particular act or acts they must find to have been committed by defendant and Bell, or either of them, in order to warrant the jury in finding that they, or either of them, had in fact provoked a difficulty with the deceased, or in order to warrant them in finding that they, or either of them, had by their own wrongful acts forfeited their right of self-defense. Dent v. State, 79 S. W. Rep., 525; Morgan v. State, 34, Texas Crim. Rep., 222; Carter v. State, 37 Texas Crim. Rep., 403; McCandless v. State, 42 Texas Crim. Rep., 58.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty years; hence this appeal.

The homicide grew out of a letter written by deceased for one Adams to Neighbors, sheriff of Pecos County, reflecting on appellant, appellant being at the time deputy sheriff of Pecos County under said Neigh-

bors. The killing occurred at night, in the rear portion of the drugstore, in front of which was the postoffice. To a better understanding of the facts attending the homicide we refer to the following plat which was introduced in evidence.

1 Where shooting occurred, except one shot outside.
2 Where Bell fell and died.
3 Where deceased fell.

Said building fronts south, and the postiffice is in the southwest corner near the front. The beginning of the difficulty and the place where the homicide occurred was in the northwest corner of the building. A door opened in this corner toward the west, out on the gallery. Also one opened out north. But it does not appear that this was opened during the progress of the difficulty. Near the west door and between it and the end of the counter stood an ice chest, something like four feet high. Just at the time the homicide occurred, which was about 8 o'clock at night, the mail had arrived, and was being distributed at the postoffice in the front part of the building, and a number of people were at that end of the building. Just before the difficulty deceased, Biggs, was in the front of the building and walked back toward the rear. Soon after this appellant and his companion, Bell, who was killed during the difficulty, came in and inquired for deceased, and were informed that he was there shortly before, and had gone back in the rear of the building, and probably out at the northwest door. Appellant and Bell then proceeded back that way. In a short time a pistol shot was heard by witnesses just outside said northwest door. Some witnesses on the outside and across the street, and perhaps some in the house, said that they heard a lick struck just before the shot was fired. Immediately after the shot was fired Biggs came running in at the northwest door, stating that appellant, McMahon, had struck him over the head with a pistol. Directly Bell came in, and these parties began firing at each other. It appears that after deceased (Biggs) had fired several shots, he then crouched down behind said ice chest, and some say appeared to be working his pistol. Some of the witnesses testified that Bell continued to fire, and two or three witnesses say that at this juncture McMahon came in and deceased fired at McMahon; that McMahon fired at him. When the difficulty and firing had ceased, Bell appears to have gone out at the front door and died on the front gallery near the postoffice. Deceased (Biggs) came from near the ice chest, up behind the counter, between the fruit stand and the postoffice, and died. He was wounded in four or five different places, several of which were fatal. Appellant appears to have gone out at the west door and up towards the front, past Bell, who was lying on the gallery, and before Bell died had some conversation with him. Appellant himself was shot in the arm, the wound being a rather severe flesh wound. There is also some evidence of a slight wound on one of his hands, and some powder-burn. The only persons present at the time the difficulty began on the outside of the rear west door were appellant and his companion Bell, and the deceased Biggs. Appellant did not testify. The facts regarding what occurred at the inception of the difficulty are of a circumstantial character. This is a sufficient statement of the case in order to present and discuss the assignments.

Appellant assigns as error the action of the court overruling his

motion for continuance based on the absence of R. B. Neighbors and Jim Collins, both residents of Pecos County. The diligence used for these witnesses is sufficient. Appellant expected to identify the pistol claimed by him to be the one he had during the difficulty, by the sheriff; and by Collins he expected to prove the same fact; and further that he was present when appellant's pistol was taken off of him at his home after he was carried there; and that this was the pistol which he knew belonged to appellant, and that he saw it and examined it, and it had not been discharged. In this connection the State proved by two or three witnesses that McMahon fired one or more shots at Biggs during the difficulty; and under the facts of this case this was a very material circumstance against appellant, as he claims not to have fired any shot during the entire transaction. It occurs to us that the testimony of these witnesses in rebuttal of the State's theory was material on his bis behalf, and the court should have granted the continuance.

The State introduced Mrs. Orr as a witness, and proved by her that a few days prior to the killing defendant was in her house. She there had a conversation with him in which he said, "Mrs. Orr, you are mad now, but you are not half as mad as I was last night, and if I had found the party I was looking for I expect I would be in jail now."

This testimony stands out isolated. There are no other facts showing or tending to show that it had any reference to the deceased, and as such was not admissible. Godwin v. State, 38 Texas Crim. Rep., 466; Strange v. State, 38 Texas Crim. Rep., 280; Holley v. State, 39 Texas Crim. Rep., 301. However, under the circumstances, as the State did introduce some testimony tending to show that on the night of the homicide appellant and Bell were seeking deceased to whip him, the court in admitting this testimony of Mrs. Orr evidently did so upon the idea that the threat, though no person was mentioned, must have been against deceased; this was calculated to injuriously affect him, and should not have been admitted.

We think the court was correct in admitting the testimony of the State's witness Lewis Oswald as to a conversation had between Bell and appellant, to the effect that immediately after the firing ceased, and while Bell was still alive on the gallery, appellant walked up to where he was and spoke to him; and Bell said to him, "You are the cause of my getting killed." To which appellant replied, "You ought not to have gotten into it." We do not understand appellant to contend that this was not so close to the homicide in point of time as to eliminate it as a part of the res gestae. But his contention is that the conversation was not the statement of any fact, but the mere conclusion upon the part of Bell. As stated above, this was a part of the res gestae of the homicide, and was a conversation between two of the actors on one side in regard thereto. While it may not appear to be the recitation of any fact, yet it related to the difficulty, and tends to shed light upon

appellant's connection therewith. Its effect may be one way or the other; from it, the State might argue that appellant considered it his difficulty, and Bell had no business getting in it. On the other hand appellant might contend that Bell got into the difficulty against appellant's advice and had gotten killed by deceased Biggs. But its weight or use one way or the other does not render it inadmissible, as in our view is was admissible as a conversation between two of the participants in the difficulty, and in relation thereto, and was a part of the res gestae of said difficulty.

We also believe that the testimony of the witness Will Shafer as to what was said on the same occasion was admissible. This was part of the res gestae; and while appellant is not shown to have made any reply to what Bell then said, it evidently called for some reply; and the fact that appellant did not reply could be used against him.

Appellant complains of the refusal of the court to give his requested special instructions. One of these charges instructs the jury that unless they believe appellant entered the building where Biggs was killed after the difficulty began, to acquit him. Another instructs the jury that unless they believed beyond a reasonable doubt that appellant's pistol was fired during the difficulty to acquit him. In connection with the court's refusal to give these charges, appellant insists that the court emphasized the error by giving the jury a charge on the question of principals. We believe that the facts and circumstances of this case fully authorized the court to give a charge on the doctrine of principals. There are many acts and circumstances which it is not necessary here to reiterate, authorizing such an instruction. Nor was the court required in this connection to single out the views embraced in appellant's special requested instructions and give them to the jury.

Nor do we believe that the court committed any error in giving a charge predicated on the facts tending to show an abandonment of the difficulty on the part of deceased. This idea of abandonment was based on the proposition that deceased Biggs may have begun the difficulty; and if he did so, and then retreated in good faith, and appellant not in his necessary self-defense followed him into the drugstore and there shot him, he would be guilty of manslaughter. We understand this to be the law in such state of case. In this connection, however, the court should have further instructed the jury that, if appellant and Bell did not reasonably believe that deceased had withdrawn from the difficulty, but that by his retreating he was seeking a vantage ground to renew the attack, then appellant would have the right to follow him into the building in order to protect himself.

Appellant criticises the charge of the court on the theory that if Bell did the killing appellant would be guilty if he aided him therein by acts or words. The contention is that this view is not supported by any evidence authorizing the court to have given such a charge. We think there is abundant evidence justifying the charge. The State

offered evidence showing threats against deceased on the part of appellant, and appellant and Bell were acting together, and that they were seeking him on that occasion. Evidently appellant was interested in shifting the homicide to the shoulders of Bell, and offered proof to the effect that Bell did the killing. However, aside from the facts that the State offered evidence showing that appellant fired one or two shots at deceased, Biggs, the circumstances are ample in this case to convict appellant of a guilty participation in the homicide, though he may not have fired any shot in the homicide, and even may not have entered the house before the homicide was committed by Bell. But we believe the court should have submitted, in connection with the theory of the killing by Bell and the participation therein by appellant, the theory insisted on by appellant, that if Bell in fact did the killing, and that during the difficulty appellant did no act in aid or encouragement of Bell, the jury should not find him guilty. Furthermore if Bell slew deceased Biggs in self-defense, appellant would not be guilty. Cecil v. State, 72 S. W. Rep., 197.

Appellant also contends that the court committed an error in submitting to the jury the doctrine of provoking a difficulty. We have repeatedly held that before a court is justified in any case in giving a charge on provoking the difficulty, there must be testimony tending to raise this issue. Provoking the difficulty is used by the State as a sword to cut off appellant's right of self-defense, and whenever a charge is given on this subject, the court should be able to point to the facts which authorized the charge. McCandless v. State, 42 Texas Crim. Rep., 58, and authorities there cited. Dent v. State, 79 S. W. Rep., 525; Bearden v. State, 79 S. W. Rep., 37. The record here discloses the fact that appellant bore a grudge against deceased on account of the letter about him to Sheriff Neighbors, and that he had threatened to whip him; and there is evidence tending to show that he was seeking to find him on that night. But how the difficulty occurred when the parties met at said drugstore in the dark we can only gather by circumstances. There is some testimony in the record tending to show that deceased Biggs had prepared himself to meet said parties. However, we do not recall any evidence that he was seeking them. We have no evidence of what was said by either when they met. The witnesses tell us that they heard a lick struck first, and directly a shot was fired. Circumstantially the evidence tends to show that the lick must have been struck by appellant, because deceased, as he rushed into the store, exclaimed "Bob McMahon struck me with a pistol," and after his death evidence of a lick with a pistol was found on his face and nose. So far as the record furnishes any light on the transaction, this blow with the pistol marked the inception of the difficulty, and would indicate that appelland and his companion committed the first assault and were the attacking party. To invoke the doctrine of provoking the difficulty some-

words or conduct of provocation should have been shown by the evidence as emanating from appellant and Bell, and then in resentment of this an assault by deceased Biggs. But we do not so understand the facts here. The simple question presented from this record is, who began the difficulty? If appellant and his companion made the first assault, as indicated above, the doctrine of provoking the difficulty does not apply.

It is not necessary to discuss the question raised with reference to the jury. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, did not sit in this case.