### LEWIS BLACKSHEAR V. STATE.

#### No. 2141. Decided February 16, 1913.

**1.—Murder—Charge of Court—Aggravated Assault—Deadly Weapon.**

Where, upon trial of murder and a conviction of manslaughter, there was no testimony that the knife used by the defendant was a deadly weapon, and it was not conclusively shown that defendant intended to kill deceased, the court should have submitted the issue of aggravated assault, and the failure to do so was reversible error.

**2.—Same—Self-defense.**

Where it was not clear that the issue of self-defense was raised by the evidence and the cause was remanded on other grounds, this question need not be decided; however, the fact that others and not the deceased threw rocks at defendant would not justify the homicide.

**3.—Same—Charge of Court—Principals—Converse. Proposition.**

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that defendant acted with others in the commission of the offense, the court properly submitted the law on principals; however, the converse proposition should have also been submitted. Following McMahon v. State, 46 Texas Crim. Rep., 540, and other cases.

**4.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the evidence raised the issue of manslaughter, the court properly submitted that issue to the jury.

**5.—Same—Negligent Homicide—Charge of Court.**

Where the evidence did not raise the issue of negligent homicide, there was no error in the court's failure to charge thereon.

**6.—Same—Deadly Weapons—Charge of Court.**

Where the question of deadly weapon was raised by the evidence, the court should have charged thereon.

Appeal from the District Court of Grimes. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Upon an indictment charging murder appellant was convicted of manslaughter.

There are but few questions necessary to be decided in this case. It is unnecessary to detail the evidence. The State's theory and evidence would show an unprovoked killing by appellant of the deceased without any cause, and without the deceased doing or saying anything to justify it. The evidence shows that the appellant got into a fight with a negro preacher on the train just before it stopped, when appellant and several other negroes got off of the train; that in the fight between appellant and the negro preacher on the train, appellant got out his knife; that another negro, it seems, on the train took up the difficulty between appellant and the preacher, and appellant and he, just after getting off the train, had a fight. What occurred on the train and immediately after they got off was more or less a continuation of the same trouble. After more or less fighting on the ground, just after getting off of the train, appellant became separated from persons with whom he had then been fighting and some one or more, after getting off a little distance, threw rocks at appellant and struck him. It was at night, but not very dark, some of the witnesses testifying that they could distinguish between a white man and a negro and that where they knew a party they could distinguish and identify such party. All the testimony shows that the deceased had nothing to do with the fight at any time and did not throw the rocks. The rocks were thrown at appellant from a point beyond and in the direction from deceased. The testimony does not disclose by whom they were thrown. Appellant testified that he and deceased were friendly; that there had been no trouble between them. Appellant claimed he did not know that it was deceased at the time he caught hold of him and cut him; that he didn't recognize who it was. One of the State's witnesses testified that the knife that appellant had when he got off the train was a long one-bladed barlow knife with a spring back. Some of appellant's witnesses testified that the knife that appellant had was a very short knife, and while neither of the knives are sufficiently described from the testimony so that we can tell what the size and length of the knife was, two theories are clearly presented. One was that it was a long knife,—the other that it was a very short or little knife. The State's witnesses testify positively that appellant stabbed deceased in the neck with his knife. Appellant himself and several of his witnesses swear positively that appellant did not stab the deceased in the neck at all and that the only place that he cut him was on the arm, and that he used a small knife. The testimony does not disclose whether the cuts on the arm went through the sleeves and cut the flesh of the deceased or not. The indications are that they did not. Again, the State's theory was, and had testimony to show it, that appellant and only appellant cut and stabbed deceased in the

neck, while the testimony of the appellant and his witnesses was that appellant did not cut deceased in the neck at all, but that another, Henry McGinty, did so. There was no testimony by any witness that the knife appellant's witnesses show he had was a deadly weapon. From his testimony and standpoint, the manner of its use did not conclusively show his intention to kill.

Under this state of the proof, as shown by the record, appellant complained properly that the testimony raised, and the court should have charged on aggravated assault. The court did not charge on aggravated assault. In our opinion the appellant's contention is correct and the court should have charged on aggravated assault, and because thereof the case must be reversed. See collation of the cases in sec. 434, Branch's Crim. Law of Texas.

Appellant also complains that the evidence raised, and the court should have charged on self-defense. No charge on that subject was given by the court. As the case must be reversed on the failure to charge on aggravated assault, it is not necessary for us to determine in this case whether the evidence, as presented, calls for a charge on self-defense. We are inclined to believe that it did. However, in another trial the court can determine whether the evidence then raises self-defense. If so, of course the court must charge thereon. If it does not it would be improper for the court to submit self-defense. Certainly the fact that some other, and not deceased, had thrown rocks and struck appellant, would not justify him in assaulting and killing the deceased, because he first got to him, and because some one not identified threw rocks at him from that direction.

The appellant also claims that the evidence did not justify the court to submit the law of principals in the case. In our opinion the evidence did authorize and require the court to submit a correct charge on that subject. The mere fact that appellant testified he had no previous agreement with his father-in-law, Henry McGinty, to act together with him in assaulting and killing the deceased, would not of itself prevent the question of principals being raised. The fact that they were acting together can be shown by circumstantial evidence as well as by direct and positive testimony. The evidence, as disclosed by the record, in our opinion as stated above, justified the court to submit the question of principals to the jury for a finding. However, we suggest that on another trial the court should submit the converse of the proposition. Jackson v. State, 20 Texas Crim. App., 190; McMahon v. State, 46 Texas Crim. Rep., 540; Monroe v. State, 47 Texas Crim. App., 59; Wood v. State, 28 Texas Crim. App., 14; Cecil v. State, 44 Texas Crim. Rep., 450; Goodwin v. State, 58 Texas Crim. Rep., 496.

Appellant having been acquitted of murder in the first and second degrees, in another trial he can be tried only for manslaughter, and whatever grade of assault, if any, is raised by the testimony. Appellant contends that the court erred in charging on manslaughter

because the evidence did not show or tend to show that offense. The evidence did raise, and the question should have been submitted to the jury.

The evidence as presented in this case did not raise negligent homicide. If that question is properly raised on another trial, of course the court will charge properly thereon.

From the state of proof developed by this case we think appellant's contention that the court should have charged on a deadly weapon is also well taken.

There is no other question raised necessary to be discussed and decided. For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*