## UELL DRAKE v. THE STATE.

### No. 2835.   Decided November 18, 1903.

**Assault with Intent to Murder—Self-Defense—Charge—Provoking Difficulty— Evidence.**

Where on a trial for assault with intent to murder the court, in charging on self-defense, in every instance qualified the same by a charge on "provoking the difficulty;" Held error, the defendant having made a clear case of self-defense, the court should have charged on that subject untrammeled by any limitation or qualification.

Brooks, Judge, dissents, and holds that a party can not have an unqualified right of self-defense where the evidence for the State presents the issue of provoking the difficulty; that this right only exists where defendant did not provoke the difficulty.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

Appeal from a conviction for assault with intent to murder; penalty, two years confinement in the penitentiary.

The indictment charged appellant with assault with intent to murder one Oscar Dennis, on the 19th day of December, 1902, by cutting him with a knife. Thé difficulty occurred at a dance. The opinion gives a spfficient statement of the facts attendant at the time of the trouble, and no further statement is required.

*J. J. Butts* and *D. G. Hunt,* for appellant, each filed separate briefs in the case.—In the eleventh and twelfth paragraphs of his charge to the jury the court instructed them that defendant's right of self-defense would not be forfeited by the finding by the jury that he provoked the difficulty in which the alleged assault was made, unless the jury should further find that he provoked the difficulty with the intent to take the life of the witness Oscar Dennis, or to do him serious bodily injury.

45 Crim. 18.

While in paragraph 15 of the charge the court, in effect, instructed the jury that defendant's right of self-defense would be cut off or barred if he provoked the difficulty, regardless of his intent in provoking the same. Criner v. State, 53 S. W. Rep., 873; Henry v. State, 54 S. W. Rep., 592.

A defendant who, with no intent to kill or do serious bodily harm or injury to his adversary, provokes a difficulty, and in the course of the difficulty is compelled to kill in order to save his own life, would b'e guilty of manslaughter, and not murder; and an assault made with a deadly weapon under such circumstances would be an aggravated assault, and not an assault with intent to murder. Carter v. State, 40. S. W. Rep., 498.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for assault with intent to murder, the penalty assessed being two years confinement in the penitentiary.

From the State's standpoint the facts disclose that Oscar Dennis, the alleged injured party, and appellant were attending a dance; that while the dance was in progress, Dennis testified, that he heard appellant say, "There is the God damn son of a bitch I've got it in for," and looking around he saw appellant pointing his hand at him (witness); that appellant was then talking to Hambrick. As soon as the set was finished witness went to appellant, who was talking with Wheeler Dennis, and touched him on the shoulder and requested an interview. They went off some twenty feet in front of the house in the yard. Upon reaching that point witness turned and asked appellant what he meant by his remark in the house, and he replied that he meant just what he said; that he was going to kill witness, and at once began cutting him with a knife. He then describes the further progress of the difficulty and the cuts inflicted; that they fell to the ground, he on top of appellant, and "I finally called for some one to part us, when Hamby and Buchanan came up and parted us." There had been no previous difficulty between the parties according to this witness. Witness weighed 160 pounds, and was 28 years of age; while appellant was 17 years of age, and weighed about 130 pounds.

Hamby was at the party and was in the yard, some fifteen steps from the house, talking with Buchanan, when appellant and Dennis came out of the house, and stopped about ten feet from where witness was standing. Witness heard one of them say something, but did not understand what it was. He immediately heard a blow and the two men began fighting. They fell to the ground, and witness went up and found Dennis, the injured party, on top of appellant, and he tried to pull him off but could not. Witness stepped back and heard defendant say, "You are too big for me to fight; if you don't quit choking me I will cut your God-damned guts out." Defendant's voice sounded like he was

being choked or smothered. "Directly I heard Dennis say, 'Pull him off, boys; he is cutting me all to pieces.'" Buchanan and witness then separated them. When Dennis got up he said, "Where is my pistol? I will kill the son of a bitch." Dennis further remarked, when he got in the house, "I had my thumb in the hollow place in Drake's throat, and was trying to choke him to death, but could not do it." Buchanan testified substantially as did the former witness.

Appellant's theory of the difficulty is directly in conflict with the testimony of Dennis. He says that just before the difficulty he was standing at the door talking to Wheeler Dennis. Oscar Dennis came up and touched him with his hand, and said, "Come out, I want to see you." That they had gone about twenty feet when Dennis turned, facing defendant, and said, "You damned son of a bitch, I am going to fix you." He then struck me on the side of my face with his fist, and grabbed me. He threw me down; he fell on top, and began choking me. I told him if he did not quit I would cut his God-damned guts out. Defendant further testified that Dennis continued choking him, and he finally succeeded in getting his knife out and cut him until Dennis was pulled off. He flatly denied making the statement imputed to him in the house.

Charging on self-defense, the court in every instance qualified this issue with a charge on provoking the difficulty. There were five charges on this issue given by the court in the main charge, and each qualified or limited by a charge on provoking the difficulty. Exception was reserved to these charges, which we think are well taken. Perhaps the court was justified in charging on the issue of provoking the difficulty, but it is unquestionably correct that appellant had a right under the law to a clear and unequivocal charge on self-defense. Appellant and his witnesses make a clear case of self-defense, one that required a charge untrammeled by any limitations or qualifications.

Upon another trial, if the court should charge upon the issue of provoking the difficulty, it should not be so charged as to limit appellant's right of self-defense, because under his view of the case there was absolutely no provocation, but his opponent was in the wrong and was the aggressor from the beginning. The remaining errors will not occur upon another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE (Dissenting.)—I do not agree with the opinion of the majority. I think the issue of provoking the difficulty is clearly presented by the facts. To give an unqualified charge on self-defense, as suggested by the majority, would be a contradiction of the charge on provoking the difficulty. In every state of facts presenting the issue of provoking the difficulty, the injured party is necessarily the aggressor; that is, A. provokes the difficulty, B. makes an overt act or

an assault against A., and A. shoots to protect himself against such assault or attempted assault. A. insists under his evidence that he shot in self-defense. Now, an unqualified charge, stating in substance that if A. shot in self-defense he would not be guilty, would be a contradiction of the charge on provoking the difficulty, because A. has no right under the law to shoot in self-defense if he has provoked the difficulty; and it is proper and right for the court to tell the jury what his right of self-defense is, and that said right would be perfect unless he provoked the difficulty. As stated above, in every case where a party is killed, and the State's evidence indicates that he provoked the difficulty, then this issue is presented on the theory that he brought about the necessity of shooting the deceased, and that therefore he can not claim self-defense. Hence an unqualified charge on self-defense would be directly contradictory of the charge on provoking the difficulty. In other words, appellant can not have an unqualified right of self-defense where the evidence for the State presents the issue of provoking the difficulty. I do not mean to be understood as holding that appellant's evidence presenting the perfect right of self-defense should not be given in charge to the jury; but the court should clearly indicate to the jury that this right only exists where he did not provoke the difficulty. I understand the charges in this case clearly present these issues. As stated by the majority, the evidence for appellant presents the issue of perfect self-defense, and the evidence for the State presents the issue of provoking the difficulty. I think the charge of the court in this case admirably presents all the law of this case so far as the objections of appellant are concerned. For the reasons indicated, I do not agree with the opinion of the majority.