MANLY BEARD v. THE STATE.

No. 2752.   Decided June 1, 1904.

1.—Charge of the Court—Self-Defense.

It was error to charge in a case of assault with intent to murder, that if the jury believed that the injured party was about to take defendant's life, or inflict upon him some serious bodily injury and the defendant so believing shot him, they should acquit, as it viewed the matter of belief of real or apparent danger too much from the jury's instead of defendant's standpoint.

2.—Same—Perfect Right of Self-Defense—Assault With Intent to Murder.

Where the evidence showed that appellant sought an interview with L. with reference to accusations he had been circulating concerning him, with a view of securing a rectification or retraction of that matter, he had the right to arm himself to protect his person from attack, and if L. produced the occasion under these circumstances and placed appellant in the attitude of defending his life or person against L.'s attack or that of L.'s companion, his right of self-defense would be perfect, and to ignore this phase of the case in the charge was error.

3.—Same—Provoking the Difficulty—Aggravated Assault.

If the appellant provoked the difficulty, and it was not done for the purpose of killing or inflicting serious bodily injury, and then he acted under real or apparent danger and killed, the offense would not be higher than manslaughter, and failing in the homicide, the offense would be no greater than aggravated assault and battery, and to ignore this phase of the case in the charge of the court was error.

Appeal from the District Court of Collin.   Tried below before Hon. J. M. Pearson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Abernathy & Mangum,* for appellant.—On proposition of real or apparent danger: Andrews v. State, 8 Texas Ct. Rep., 572; Jordan v. State, 11 Texas Crim. App., 435.   On self-defense: Honeycutt v. State, 42 Texas Crim. Rep., 129; Norris v. State, 42 Texas Crim. Rep., 559; Drake v. State, 8 Texas Ct. Rep., 649; Castro v. State, 40 S. W. Rep., 985.   On imperfect right of self-defense: King v. State, 13 Texas Crim. App., 277; Thurston v. State, 21 Tex. Crim. App., 245; Cahn v. State, 27 Texas Crim App., 709; Meuly v. State, 26 Id., 274; Nalley v. State, 30 Id., 456; Williams v. State, 7 Id., 396.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder.   The facts show that appellant had been clerking for Largent Bros.   Ed Largent had accused him of appropriating money belonging to his firm, and demanded, under threat of prosecution, a note.   Suit was instituted upon this note and appellant was successful on the trial.   Subsequent to this Largent repeated the accu-

sations, which came to the ears of appellant. On the day of the diffi-
culty appellant armed himself, and accompanied by his brother went
to see Largent in reference to these imputations of dishonesty. He
asked Largent in regard to the matter. Largent reiterated the accusa-
tion. One word brought on another, until finally they became involved
in a personal difficulty, during which appellant fired one shot at Lar-
gent; at the time appellant says he thought Largent had reached under
the counter for a pistol. About this time Mays, an employe in the
house, came up and became involved in the difficulty. Appellant fired
one shot at Mays at the time he says Mays was reaching for a pistol.
There is quite a lot of testimony, but this is a sufficient general outline,
so far as the questions involved are concerned.

The court charged the jury if they should find from the evidence that
appellant shot Joe Mays with a pistol, and should further find from the
evidence that when he fired this shot it appeared to him, viewed from
his standpoint, in the light of the surrounding circumstances, that
Mays or Mays and Largent, "if you believe from the evidence they
were acting together, or if you believe from the evidence that either
of them was then and there about to take his (defendant's) life or to
inflict upon him some serious bodily injury, and so believing, if he
did, he shot said Mays," etc., they should acquit on the ground of self-
defense. Exception was reserved to this charge because it took from
the defendant the right to act upon the reasonable appearances of
danger as he viewed it, and transferred this matter to the belief of
the jury under that portion of the charge placed in quotation marks.
We believe this exception is well taken. It is more defendant's belief
from the evidence and viewed from his standpoint that should control
the jury in passing upon his act and intent, and not so much as to
what the jury believes about the parties acting together. If appellant
believed under the circumstances that either or both Mays and Largent
singly or acting together were about to take his life, or do him serious
bodily harm, he had the right to shoot in his perfect self-defense,
whether the jury believed they were so doing or not.

The court limited the right of self-defense by a charge of provoking
the difficulty, and limits this to appellant's right of resistance against
an attack on reasonable appearances of danger indicating death or serious
bodily injury.

Appellant had the right to seek and interview Largent with reference
to the accusations he had been circulating against him, charging him
with theft, in a peaceable manner, with the view of securing a rectifica-
tion of that matter and a retraction, and he had the further right to
arm himself to protect his person from an attack by Largent under
such circumstances, and if Largent produced the occasion, or put appel-
lant in the attitude of defending his life or his person, against his attack
under such circumstances, his perfect right of self-defense would be in
nowise compromitted. Shannon v. State, 35 Texas Crim. Rep., 2.
This was appellant's view of the case. This phase of the law was

ignored in the charge. If appellant provoked the difficulty, and it was not done for the purpose of killing or inflicting serious bodily injury, and then he acted under real or apparent danger and killed, the offense would not be higher than manslaughter, and failing in the homicide the offense would be no greater than aggravated assault and battery. This phase of the law was also ignored in the charge.

Appellant himself testified, and his testimony is supported by that of his brother, to the effect that he went to Largent's store and asked in regard to the matters circulated, and Largent reiterated them, and this brought on a colloquy which finally terminated in the difficulty. At this point or stage of the proceedings appellant had not drawn his pistol under his statement, but when Largent stooped under the counter to get, as appellant thought, a pistol, he fired. This was the only shot fired at Largent. Mays came up and engaged himself in the difficulty and reached for a pistol, as appellant says he thought, and appellant fired one shot at Mays. This ended the transaction. Under this statement, appellant was clearly entitled to a distinct and clear charge of self-defense untrammeled by provoking the difficulty; and if Largent or Mays either or both put him in the attitude of defending his life or his body from serious injury, his perfect right of self-defense would remain, if the jury believed appellant only sought Largent for the purpose of having him rectify the false statements, and that Largent then produced the occasion or brought about the difficulty; but if appellant provoked the difficulty at the time, and it was not done with the purpose of killing or inflicting serious bodily injury, then the case would be of no higher magnitude than some grade of assault and battery. This phase of the law should be distinctly given in charge to the jury. The judgment is reversed and the cause remanded.

*Reversed and remanded.*