## C. F. SPRINKLE v. THE STATE.

### No. 3448.    Decided January 31, 1906.

**1.—Assault with Intent to Murder—Charge of Court—Self-defense.**

Where upon trial for assault with intent to murder the court charged that the defendant's right of self-defense was authorized only against an unlawful violent attack, it was possibly too restrictive as the defendant had the right to defend himself against an assault less than a violent attack, however the general charge with reference to defendant's right of self-defense may have cured this defect.

**2.—Same—Right of Self-defense—Provoking Difficulty.**

Where a defendant is entitled to a charge upon self-defense the same should be free and untrammeled from a charge limiting said right, and blending it with a charge on provoking a difficulty.

**3.—Same—Charge of Court—Provoking Difficulty—Singling out Testimony—Weight of Evidence—Intent.**

Where upon a trial for assault with intent to murder it appeared from the testimony that there was some ill feeling between the parties, and that defendant approached prosecutor and insisted on his going with him which the latter declined to do, and thereupon the difficulty arose, prosecutor striking appellant and the latter cutting him subsequently, a charge on provoking the difficulty was not authorized, and was further erroneous in failing to predicate the provocation on the intent of defendant, and for singling out a fact that was ambiguous.

Appeal from the District Court of Shelby. Tried below before Hon. James I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of self-defense: High v. State, 26 Texas Crim. App., 545. On question of provoking a difficulty: Airhart v. State, 40 Texas Crim. Rep., 470; Morrison v. State, 37 id., 601; Winters v. State, id., 582; Mundime v. State, id., 5; Shannon v. State, 35 id., 2; Franklin v. State, 30 Texas Crim. App., 628; Cartwright v. State, 14 id., 486. On question of singling out fact: Bryant v. State, 16 Texas Crim. App., 144; Stephenson v. State, 4 id., 591.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment fixed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant insists that the court's charge on self-defense was too restrictive, in that it authorizes a defense only against an unlawful and violent attack made on appellant by the prosecutor. The charge appears to be susceptible to said criticism. Of course, appellant had a right to defend himself against an assault less than a violent attack.

He had a right to defend himself against any unlawful assault. However, this charge was given in the general charge with reference to appellant's right of self-defense and might not of itself, in connection with other portions of the charge, authorize a reversal.

Appellant also complains of a charge on self-defense, in that the same was limited by the charge on provoking the difficulty: the contention being that said charge on provoking the difficulty was so intimately blended with the charge on self-defense as to impair appellant's right of self-defense; and that there was nothing in the case authorizing such a charge on provoking the difficulty; and that the charge itself as given was erroneous. The charge complained of is directly connected with the charge on self-defense. We have held a number of times, if appellant is entitled to a charge on self-defense, he is entitled to a charge free and untrammeled from a limitation directly connected and blended with a charge on provoking a difficulty. Drake v. State, 45 Texas Crim. Rep., 273, 8 Texas Ct. Rep., 645; Vann v. State, 45 Texas Crim. Rep., 434, 8 Texas Ct. Rep., 249.

It further appears that said charge on provoking the difficulty is based entirely on an act of appellant, and this act is singled out of the testimony as being a near approach by appellant to prosecutor against his protestation. We believe that one may provoke a difficulty by acts alone, but this act or conduct should clearly indicate an intention to provoke a difficulty; and that the same was calculated under the circumstances to provoke a difficulty. We are inclined to doubt, if the act here singled out, was of such a character. It seems from the testimony that there was some ill feeling between the parties, and when appellant met prosecutor, the testimony, both for the State and the defendant, suggests that he was insistent on prosecutor going with him to a certain party named, in order to explain what appellant insists prosecutor had told said party in regard to himself. It is not claimed by the State that appellant made any assault on prosecutor, save that he approached him and insisted on his going with him to said party. This prosecutor declined to do, and told appellant not to come nearer to him; that he understood he had threatened to cut him with a knife. Thereupon prosecutor struck appellant and the fight began. Subsequently the cutting was done. This would seem to be more in the nature of a casual difficulty than a provocation made by appellant with intent to bring on the difficulty. At least it was of such a character, in our opinion, that a charge on provoking the difficulty was not authorized. Wilson v. State, 46 Texas Crim. Rep., 523, 10 Texas Ct. Rep., 709. Moreover, the charge itself fails to predicate the provocation on the intent of appellant.

The charge complained of is in these words: "Applying these rules of self-defense to the case before you, if you believe from the evidnce that the defendant was struck by Wilkerson, and the blow followed up by other blows with the fist; and that defendant cut or stabbed Wilkerson with a knife to protect himself from such assault, thus being

committed upon him by Wilkerson, then such cutting would be justified upon the law of self-defense, and you would acquit the defendant; unless you find that the defendant has deprived himself of the right of self-defense by having provoked the difficulty with Wilkerson, with the apparent intention of killing Wilkerson, or doing him some serious bodily harm; and in this connection you are instructed that if the parties, Wilkerson and defendant, met on the sidewalk and Wilkerson asked defendant not to approach nearer him, indicating to defendant that he, Wilkerson, was apprehensive defendant would assault him with a knife, and defendant, notwithstanding such request of Wilkerson, persisted in coming nearer to Wilkerson, in the manner or under circumstances such as were reasonably calculated to induce the belief and apprehension on Wilkerson's part that defendant designed and was preparing to cut Wilkerson with a knife, and if defendant persisted in thus approaching Wilkerson, after being thus informed of Wilkerson's apprehension, and Wilkerson under these circumstances struck defendant, the defendant would be responsible for the altercation and guilty of having provoked the same within the meaning of the law." It occurs to us that this charge singled out a fact that was of an ambiguous character, to say the least of it, and predicated the provocation upon this fact, and was a charge upon the weight of the testimony. Moreover, the charge leaves out the idea that appellant did what he did, as to approaching prosecutor, with the intent to provoke the difficulty, and predicate the provocation upon how the prosecutor may have viewed his approaches. It is a cardinal principle with reference to provoking the difficulty that a party charged with such provocation must use the language or do the act for the purpose or with the intent of provoking the difficulty. We believe the court was in error in giving this charge at all, and certainly in error with reference to the form and contents of the charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*