### Fred Burnett v. The State.

No. 3663. Decided February 13, 1907.

#### 1.—Manslaughter—Charge of Court—Provoking Difficulty.

A charge on provoking the difficulty should never be given unless self-defense is set up; for such a charge is a limitation on the right of self-defense, and should never be given unless there are facts in evidence which show that deceased made the first assault, and that defendant with the intention of provoking a difficulty

for the purpose of killing did some act calculated to bring on a difficulty. Following, McCandless v. State, 42 Texas Crim. Rep., 58.

**2.—Same—Case Stated.**

Where upon trial for murder the testimony of the defense showed that the deceased made the first overt act by intercepting the defendant and saying something to him, and then before defendant did anything deceased made a demonstration as if to draw a weapon, and the defendant thereupon threw a bottle at him, and as deceased came at him with a knife he shot him, and it appeared from all the testimony that there was a sharp issue as to who began the difficulty, there was no issue of provoking the difficulty.

**3.—Same—Act Coupled With Words—Charge of Court—Self-Defense.**

Where upon trial for murder the charge of the court on provoking the difficulty did not submit that such provocation must consist in some acts or words coupled with some act intended to and calculated to produce the occasion, the same was error; and where all the charges on self-defense appear to be connected and handicapped with the idea of provocation, there was reversible error.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Thurmond & Steger* and *Sturgeon & McMahon,* for appellant.— On question of provoking the difficulty: McCandless v. State, 42 Texas Crim. Rep., 58; Smith v. State, 13 Texas Ct. Rep., 297; McMahon v. State, 46 Texas Crim. Rep., 540; Morgan v. State, 34 Texas Crim. Rep., 222; Alexander v. State, 40 Texas Crim. Rep., 395. On question of self-defense: Ainsworth v. State, 11 Texas Crim. App., 339; Wimberly v. State, 22 Texas Crim. App., 506.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of provoking difficulty: Franklin v. State, 30 Texas Crim. App., 641; Abram v. State, 35 S. W. Rep., 389.

HENDERSON, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at two years in the penitentiary, and prosecutes this appeal.

The homicide occurred as the result of a difficulty between two negroes in the town of Bonham, Texas; deceased was a drayman and appellant was the driver of a delivery wagon. It appears that deceased made some remark about appellant procuring a certain colored woman in town for some white man. About noon appellant accosted deceased in regard to said remark, and cursed and abused him about it. Deceased threatened to get a gun and kill appellant. After that both parties appear to have gone to Locksboro, a suburb of Bonham, to deliver goods. Deceased preceded appellant and appellant came meeting him. When they met, according to the State's theory, deceased was driving his wagon and passed appellant, when the latter told him to stop, he wanted to talk to him. Appellant, after they had passed

one another, did stop and get out of his wagon, deceased telling him that he did not have time to talk to him; at this juncture appellant jumped out of his wagon and run up following deceased's team; as he got up opposite the wagon he told deceased he would make him stop and threw a bottle at him, which he picked up off the ground, telling him "God damn him, he would make him take time to stop." Deceased then stopped his team and appellant jerked his pistol out and shot deceased, and deceased then jumped off the wagon on the opposite side from appellant and run on out from the wagon westward some thirty or forty feet and fell, appellant in the meantime following him around and running after him. Appellant's narrative of the facts attending the homicide show that at the time of the altercation between the deceased and himself in town when deceased left him he said he was going to get a gun and kill him, and he saw him immediately go into a hardware store and believed he had gotten a gun. Appellant phoned to his home for a party to bring him his gun, that he had a call to go out to Locksboro to carry some goods that evening, and he placed a pistol in a box in the delivery wagon; that he had two children on the seat with him and as he went out to Locksboro he met deceased, and as he approached him, deceased drove his wagon across rather in front of him as if to stop him and just as appellant approached him, deceased said something; that when he got up to where he was appellant jumped out of his wagon on the east side; he jumped out because deceased had driven in front of him, and he heard him say something and he run his hand in his pocket and was getting something out of his pocket, and appellant picked up a bottle and threw at him; that he thought deceased was trying to get a gun or something out of his pocket to shoot him with; that deceased jumped off of his wagon and as he threw the bottle at him he saw him duck down, and he came around the team and they met at the head of the mules, and when he met him he saw he had an open knife in his hand; that he (appellant) pulled his pistol and shot, and when he shot deceased he run and directly he fell and appellant went on home.

The court charged on provoking a difficulty, and this is excepted to because there was nothing in the case to authorize the court to give a charge on this subject, and because the charges as given were incorrect. Of course, a charge on provoking a difficulty should never be given unless self-defense is set up in the case, for a charge on provoking a difficulty is a limitation on the right of self-defense, and a charge on provoking a difficulty should never be given unless there are facts in evidence which show that deceased made the first assault on appellant, and that appellant with the intention of provoking a difficulty for the purpose of killing, did some act calculated to bring on a difficulty. See McCandless v. State, 42 Texas Crim. Rep., 58, and authorities there cited. In that case the question was thoroughly discussed, and the authorities reviewed and the law laid down to the

above effect, and in order to set this matter right, to bring it to the attention of the judges, we suggested, not the terms, but the character of the charge which should be given, but still there is no subject in the administration of the law of homicide which appears to be so little understood. Now, tested by the above principles, does provocation appear in this case? If it appears at all, it must appear from appellant's testimony. He says deceased made the first overt act by intercepting him and then by saying something to him, and then before he (appellant) did anything deceased made a demonstration as if to draw a weapon and he thereupon threw a bottle at him, and as deceased came at him with a knife he shot him. What act is here shown that appellant provoked deceased to attack him? Nothing that we can see in this record. If we take the State's view of the case, there is not even an assault by deceased. He was absolutely killed without provocation and before he had done any act or made any demonstration for his own protection. Looking at the case from a standpoint of both the State and defendant, it appears to us to be a sharp issue, as to who began the difficulty, who made the first demonstration or assault, and we fail to see where the doctrine of provocation comes in. It may be that the learned judge who tried the case believed that the doctrine of provocation could be invoked on what transpired between the parties some hour or two before the homicide, as there appears some expression in the charge which indicates this, but we do not understand that to be the law. Even if the doctrine of provocation was in the case, the charge of the court is erroneous in that it fails anywhere to tell the jury what would be a provocation. It must consist of some act or words coupled with some act intended to and calculated to produce the occasion. The court tells the jury in applying the law to the facts this: "If, therefore, you believe that the defendant got out of the wagon in which he was riding and went to where the deceased was with the intention and for the purpose of provoking said Johnson into a difficulty in order to get an excuse to kill him, and if you further so believe that said defendant did provoke said Johnson to attack him for the purpose of getting an excuse to kill said Johnson, then the defendant cannot justify himself on the ground of self-defense, no matter how much in danger his life may have been in the difficulty," and other charges of similar import on the subject. If appellant got out of his wagon and went to where deceased was with the intention of provoking Johnson into a difficulty, that might be all right, but then when he went to where Johnson was he must have said something or done some act intended and calculated to make Johnson assault him, but the court, instead of telling the jury in plain terms as above, merely says "and if you further believe that the defendant did provoke deceased to attack him,"—how he could provoke him is not stated; nor is it further stated by the court that the jury must believe not only that he said something or did something at the time with the intention of pro-

voking a difficulty, but that on said account deceased attacked him in such measure as endangered his life or his person of serious bodily injury, that he then slew him. In such case his right of self-defense would not be perfect. Moreover, we believe the charge is further subject to the criticism that all the charges on self-defense appear to be connected and handicapped with the idea of provocation. This should be avoided. Appellant has a right where he sets up self-defense to a fair and square charge on self-defense. If there are facts which limit his right of self-defense by provocation, this should be stated in the charge given on behalf of the State limiting the right of self-defense, and when this is once clearly stated, it is not necessary to repeat this proposition. Other portions of the charge are criticised, but it occurs to us that the charges given by the court in connection with the requested charges given, adequately and properly covered all the salient features of the case. For the errors of the court heretofore indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*