BURL MOORE v. THE STATE.

No. 619.   Decided May 18, 1910.

**1.—Burglary—Ownership—Indictment—Variance.**

Where, upon trial of burglary, the indictment alleged the ownership, occupancy and control of the alleged room, in the proprietor of the hotel which contained said room, and the evidence showed that the alleged owner had general control of the entire hotel and its employes, the fact that one of his employes took things in and out of said room, opening and closing the door thereof was no variance between the allegation and the proof, as the ownership was properly alleged.

**2.—Same—Charge of Court—Confusing Issues.**

Where, upon trial of burglary, the State's theory was that the defendant entered through a window by means of a ladder, and the defendant testified that he went into the room through an open door, the court should have submitted an affirmative charge on defendant's evidence, disconnected from the theory of the State, and a failure to do so was reversible error. Following Milrainey v. State, 33 Texas Crim. Rep., 577, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary of a house occupied by R. G. Wendland.

The evidence shows that appellant was found in a room in the Metropole Hotel about 11:30 o'clock at night. Wendland testified that he went to the room, unlocked it, went in and found appellant. Appellant informed Wendland at the time that he found the door open and walked in. Wendland asked him what he was doing in there, and he said nothing, and he told him to get out, and asked him why he was in the room, and appellant replied that he thought there was some whisky in there. There had been some property removed from the refrigerator, butter, dressed chicken and bacon. Appellant was secreted at the time Wendland found him. Appellant's testimony is to the effect that he was passing through the hotel going to the toilet of the servants to the hotel, and found the door open and entered. When he entered he did it for the purpose of seeing who was in there, thinking the engineer was in the room; that the engineer stayed around late sometime fixing things which Mr. Wendland had employed him to look after; that the door was open at the time. Just after stepping in the room he must have touched the door, causing it to close. Anyway, he says it did close, leaving him in the room. He denied using the ladder as a means of entry through a window, and knew nothing of the ladder that night. That when Wendland came and turned the light on it frightened him, and he ran under a desk; that he did not want Mr. Wendland to see him in the room. The door was fastened with a Yale lock.

The theory of the State was that appellant entered through the top sash of a window by placing a ladder against the wall and letting the window down from the top, gaining entrance by passing through the opening thus made. The evidence is that if the top section of the window was fastened by the latch it could not be opened unless the light was broken so that the arm could be inserted and turn the latch. It is evident from the testimony if appellant made his entry through the open window it was not latched, for the glass was not broken, nor was the window sash down; it was up and in place. Wendland further testified that he keeps an agent in charge of the store room who receives the goods when brought; that this agent has general supervision of everything in the room as his agent and employe. Herbert was the name of the party. It was his business to take things in and out of that room, and to close and open the door. McCutchen also testified that Herbert had charge of the room in the manner indicated during the daytime, and it was his business to close it at night. This is a sufficient statement to review the questions raised.

1. We are of opinion that ownership, occupancy, and control of this room was properly alleged in Wendland, the proprietor of the hotel. He had general control of the entire hotel and employes. Herbert was his employe, under his supervision and control, and only had such possession of this room as was indicated by his employment. We are cited to the cases of Lamater v. State, 38 Texas Crim. Rep., 249, 42 S. W. Rep., 304, and Mays v. State, 50 Texas Crim. Rep., 391, 97 S. W. Rep., 703. These cases are not in point. One of the cases shows that the alleged owner was janitor of a public building, and had entire control of it during the night after the school had adjourned until the next day. That burglary was at night. The ownership of the building was properly alleged in the janitor, for he had the management of the building at the closing of the school in the evening until school convened the next day. In this case Herbert's control of the room was as a servant under the supervision of the landlord and party in control of the building. The possession of Wendland, under the circumstances of this case, was superior to that of Herbert, Herbert being only the employe, agent or servant. In the cases of Bailey v. State, 18 Texas Crim. App., 426, and Frazier v. State, 18 Texas Crim. App., 434, the question of ownership is fully discussed. Under those authorities Herbert was but a servant and employe under the immediate control and management of Wendland, and did not have that separate control and management which is required to constitute him the legal occupant or owner of the room. Ownership under the facts was in Wendland.

2. Another error is urged for reversal in reference to the charge of the court. That portion of the charge is as follows: "If you believe from the evidence that the defendant did enter the house of R. G. Wendland in the night-time through an open door, without having applied any force to open the same, that is, that the defendant applied no force to open said door, such as lifting a latch or unlocking said door, but that said door was not closed and fastened at the time the defendant went into said room, but was open, or if you have a reasonable doubt thereof, then and in that event, even if you find that the defendant went into said room for the purpose of committing the crime of theft you will acquit him, unless you believe from the evidence beyond a reasonable doubt that the defendant at the time charged lowered the window to said room and went into the said building through said window after the same was lowered in the night-time for the purpose of committing the crime of theft, in which latter event, if you believe beyond a reasonable doubt, you will convict the defendant." Many exceptions and objections are urged to this charge. We are of opinion the charge is erroneous. Appellant explained at the time he was found in the room that he went through the open door, took the stand on the trial and testified that he did; that he did not go through the window

and had nothing to do with placing the ladder against the wall on the outside of the room. A party accused of crime is entitled to a distinct submission of his defensive matters. Appellant was entitled to have the jury instructed directly and affirmatively ·that if he entered the room through· the open ˙door it could. not be burglary. This issue should have been submitted to the jury disconnected from the theory of the State. It was error to connect the theory of the State in the manner done as a condition upon which the jury should pass upon appellant's defensive matters. Sprinkle v. State, 49 Texas Crim. Rep., 294, 91 S. W. Rep., 787; Vann v. State, 45 Texas Crim. Rep., 434, 77 S. W. Rep., 816; Drake v. State, 45 Texas Crim. Rep., 273, 77 S. W. Rep., 7. The charge of the court should be so framed as not to give˙undue prominence to any fact, theory or proposition of law. It may be stated, we think, as a sound proposition, that where the evidence is only circumstantial, that the court will be trenching upon a charge on the weight of evidence by singling out the circumstances and charging the jury affirmatively with regard to them. Under such circumstances the State's theory can only be deduced from other facts and circumstances in evidence, and the court should avoid singling out and charging the jury with reference to them. Dobbs v. State, 51 Texas Crim. Rep., 113, 100 S. W. Rep., 946; Parnell v. State, 51 Texas Crim. Rep., 620, 103 S. W. Rep., 907; Hazlett v. State, 96 S. W. Rep., 36; Carroll v. State, 50 Texas Crim. Rep., 485, 98 S. W. Rep.,˙859; Fuller v. State, 50 Texas Crim. Rep., 14, 95 S. W. Rep., 541; Walters v. State, 37 Texas Crim. Rep., 388; Milrainey v. State, 33 Texas Crim. Rep., 577.

It will be noted from the testimony there were two distinct issues before the jury, the State relying upon circumstances to show that appellant had used the ladder in climbing up and going in through the top part of the window into the room. Appellant's theory, gathered from his statement made to Mr. Wendland at the time he found him in the room, and as testified by himself on the trial, was that he found the door open and made the entry into the room through that open door. This, therefore, is a case of circumstantial evidence on the part of the State, and positive and direct evidence, supplemented by his statement to Wendland, on the part of appellant that he entered through the open door. Appellant was entitled to a clear, distinct and affirmative charge to the jury that if he entered through the open door, the case was not one of burglary, and the court should not have limited this by putting in connection with it a direct limitation upon this by instructing the jury if appellant entered through the open door they would acquit him unless they should find he entered through the window. This was rather an assumption on the part of the court that appellant did enter through the window, or that he believed so sufficiently strong to call the attention of the jury to the conclusion to be arrived at from

the fact that appellant was in the room and by means of the ladder and through the window. Upon another trial the jury should be clearly instructed in regard to appellant's version of the case, untrammeled by any theory of the State. Of course, the State was entitled to have its side of the case presented clearly; if the jury should believe beyond a reasonable doubt that appellant entered the house by force, the State would be entitled to a verdict, but the two theories must be kept separate and distinct, and appellant's theory must not be curtailed and limited by the theory of the State.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*