EMANUEL THOMAS V. THE STATE.

No. 2622.   Decided October 15, 1913.

**1.—Manslaughter—Charge of Court—Provoking Difficulty.**

    Where, upon trial of manslaughter, the evidence did not raise the issue of provoking the difficulty, it was reversible error to charge thereon.

**2.—Same—Charge of Court—Converse Proposition.**

    Even if the evidence did raise the question of provoking the difficulty, but there was evidence that it did not, the court should have submitted the converse of the proposition.

Appeal from the District Court of Sabine. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted charged with manslaughter, convicted of the offense and his punishment assessed at two years imprisonment in the penitentiary.

Appellant contends that the court erred in submitting the issue of provoking the difficulty, and if that issue was in the case, then the court

erred in his charge on that issue in several respects. As we have concluded that the court erred in submitting that issue, we do not deem it necessary to discuss at length the other questions in the case. It appears from the record that appellant was the manager of Abe Smith's dance hall in Pineland. A negro.woman named Sallie was in the dance hall on the night preceding the fatal encounter. While Sallie was in the dance hall deceased attempted to go in the hall, making threats, and when prevented from going in the hall, tried to borrow a gun. Deceased is shown to have made several ugly remarks, and claimed the negro woman, Sallie, as his woman. When the dance hall closed Sallie went home with appellant and went to bed with him. While they were in the bed, deceased broke in the house and struck appellant with a club. Appellant grabbed a pistol and fired at deceased, when deceased ran. It is shown that during the next day deceased made threatening remarks, and appellant reported the matter to the officers. The officers told the appellant to go to the dance hall and remain there until they had arrested deceased. The officers did not succeed in finding him and made no arrest. The State's testimony showed that appellant said: "I believe Jim Wade is out of the closet—I am going out there," not saying what he was going to do or intended to do if deceased was out there.

Appellant denies making this remark, and says he went to the closet to answer a call of nature. That when he got to the closet deceased began the difficulty and "made a lunge at him with a knife." He apparently was the only eyewitness to the beginning of the difficulty. If the facts and circumstances in evidence would authorize the deduction that he went to the closet to raise a difficulty with deceased, perhaps there would be no error in submitting the issue. But the record when read as a whole does not suggest that appellant was seeking a difficulty with deceased but, on the contrary, all the threats were made by deceased. He was the person who seemed to be seeking the difficulty. It is shown that he had an open knife in his hand, a "spring back" knife six and one-half inches in length. He had expressed an intention to have the woman, Sallie, or do some killing. Under the evidence in this case, we think the court erred in submitting the issue of provoking the difficulty, and imperfect self-defense, for under the evidence appellant was entitled to a charge on self-defense unabridged and not limited by a charge on provoking the difficulty. If the court thought the evidence authorized this charge, then certainly the converse of the proposition should have been given. Appellant testified he did not know deceased was at the closet; that he went there to answer a call of nature, when he was assaulted by deceased with an open knife. These facts may not be true, yet he so testified, and if the court was going to charge on provoking the difficulty, then in appropriate language the jury should have been instructed that if they believed this state of facts to be true, or had a reasonable doubt thereof, appellant's right to act in self-defense would be unabridged. However, we do not think the issue of provoking

the difficulty was in the case, and on another trial, if the facts are the same, the court should not present that issue in his charge.

The cause is, therefore, reversed and remanded.

*Reversed and remanded.*