## PANCHO MARTINEZ v. THE STATE.

### No. 4568.   Decided October 10, 1917.

**1.—Murder—Self-defense—Charge of Court—Provoking Difficulty.**

Where, upon a trial of murder and a conviction of manslaughter, the evidence showed that the deceased sought an interview with defendant, and showed no cause on the part of the defendant or purpose to bring on a quarrel, and an intent to bring on the occasion to kill deceased appeared to be entirely absent, there was no error in the court's failure to submit a charge on provoking the difficulty.   Following Reese v. State, 91 S. W. Rep., 583.

**2.—Same—Misconduct of Jury—Statement of Facts.**

Where the statement of facts on motion for new trial, on account of misconduct of jury, was not filed during term time of the trial court, it can not be considered on appeal.   Following Black v. State, 41 Texas Crim. Rep., 185.

**3.—Same—Argument of Counsel—Practice on Appeal.**

The assignment with reference to the argument of counsel, relating to a matter that doubtless would not arise upon another trial, need not be considered.

Appeal from the District Court of Bee.   Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dougherty & Dougherty, H. S. Bonham, B. D. Tarlton, Jr.,* and *J. F. Odem,* for appellant.—On question of provoking difficulty:   Bow v. State, 31 S. W. Rep., 170; Smith v. State, 87 id., 151; Koller v. State, 38 id., 44; Morgan v. State, 29 id., 1092; Casmer v. State, 62 id., 914; Reese v. State, 91 id., 583; Burnett v. State, 51 Texas Crim. Rep., 20, 100 S. W. Rep., 381; Thomas v. State, 71 Texas Crim. Rep., 387, 160 S. W. Rep., 71,

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was ·charged with murder and convicted of manslaughter.

He stabbed with a knife and killed Silberio Ornelas on December 25, 1915.   Appellant and deceased were acquaintances and with others had been drinking whisky during the day, and, according to appellant's statement, deceased late in the evening called appellant aside and asked him to give him a drink of whisky.   Appellant denied that he had any; deceased used insulting language toward and struck appellant; appellant seeing a knife in his hand caught it and took it away from him and deceased drew another out of his pocket, and while opening it or attempting to open it appellant stabbed him, using the knife he took away from deceased.   There was no evidence of any previous quarrel or any motive for the homicide other than that growing out of the affray in which the homicide took place.   The only other eyewitness

was a boy by the name of Shelton, who was passing the place of the homicide and saw the men, neither of whom he knew, talking to each other. The witness was some distance away, estimated by him from fifty to one hundred and fifty yards, and was unable to understand the conversation. To quote from him: "I seen one man had his hand this way (indicating finger in palm of hand). . . . It looked like he had his finger in his hand this way, and then pretty soon one hit the other one and then the other one slapped the other's hat off and then they went to fighting and pretty soon one knocked the other down and stabbed him; the dead man was the one that had 'his finger that way and they were about three feet apart at that time; the dead man had his finger in his hand that way and was pointing at the other with something in his hand. . . . Pancho (appellant) struck the first lick, . . . then this one hit the other and the other one slapped this one's hat off, and then this one knocked the other down and. stabbed him; when he knocked him down he stabbed him in the breast." There was evidence of several witnesses tending to show that the knife used by appellant was a knife made out of a file or something of that kind and that it belonged to, or had been in the possession of, deceased and there was evidence that a pocketknife was also found near deceased after the homicide.

The court charged the jury on the law of self-defense, qualifying it, however, with the charge on provoking the difficulty. Appellant insists that the evidence did not justify this qualification of his right of self- defense. Such charge would have been authorized only in the event that there was evidence that the appellant intended to provoke a difficulty for the purpose of causing the deceased to attack and thereupon to kill him or do him serious bodily injury; that pursuant to such intention he used means reasonably calculated under the circumstances to bring about that result; that the demonstration or attack by deceased was so brought on and that appellant stabbed him pursuant to his original intent. Branch's P. C., art. 1138; Vernon's C. C. P., p. 459, and cases cited. We do not find any evidence of these elements. The evidence indicates that deceased sought the interview and that appellant joined him with no cause or purpose to bring on a quarrel. Evidence of intent to bring on the occasion to kill deceased appears to be entirely absent. Appellant may have struck the first lick; he may have begun the difficulty, but this would not justify the charge in the absence of evidence of an intent to bring it on for the purpose of provoking an attack in which he intended to kill or injure his assailant. Reese v. State, 91 S. W. Rep., 583; Burnett v. State, 51 Texas Crim. Rep., 20, 100 S. W. Rep., 381; Thomas v. State, 71 Texas Crim. Rep., 387, 160 S. W. Rep., 71; Bow v. State, 31 S. W. Rep., 170; Smith v. State, 87 S. W. Rep., 151; Morgan v. State, 29 S. W. Rep., 1092; Koller v. State, 38 S. W. Rep., 44.

There is complaint that the jury received evidence in its retirement. The bill discloses. the facts upon which this contention rests was not

filed during the term and can not, therefore, be considered. Black v. State, 41 Texas Crim. Rep., 185.

The assignment with reference to argument relates to a matter that doubtless would not arise upon another trial.

In the other questions raised we find no error.

Because the charge submitting the issue of provoking the difficulty was not supported by the evidence the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*