## T. B. CARROWAY V. THE STATE.

### No. 9966.   Delivered April 14, 1926.

### Rehearing denied May 26, 1926.

**1.—Manslaughter.   Special Venire Necessary in Capital Cases Only.**

Where appellant had been formerly tried for murder and convicted of manslaughter, on a second trial, he could not be tried for a higher grade of homicide than manslaughter, and a special venire being necessary only in capital cases, his second trial for manslaughter was properly had before a jury drawn from the regular jury panel.   Following Gentry v. State, 152 S. W. 635, and Clay v. State, 157 S. W. 165.

**2.—Same—Charge of Court—On Self Defense—Held Proper.**

Where, on a trial for manslaughter, in a separate and distinct paragraph, the court affirmatively and properly submitted appellant's theory of self defense, such charge was not objectionable because in another paragraph of same, the issue of provoking the difficulty was presented in connection with the charge on self defense, the charge on provoking, the difficulty being in accord with the  precedents in this state, there is no error manifested in such charge.

**3.—Same—Requested Charges Covered by Main Charge—Properly Refused.**

Where appellant, on his trial, requested a special charge on his right to go into his field to drive out some hogs, and if he believed his life was in danger he had a right to carry a gun for his protection, the same issue having been covered in practically the same words of the requested charge in the main charge of the court, there was no error in refusing the requested charge.   Several other requested charges of appellant were properly refused on the same grounds.

**4.—Same—Evidence—Self Serving Declarations—Properly Excluded.**

Where appellant offered to prove declarations, made by himself to the witness Jackson, which was shown to have been made to Jackson from an hour and a half to three hours after the killing, such declarations not coming within the rule of res gestae, were self serving and properly rejected by the trial court.

**5.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

Where appellant moved for a new trial, by reason of the newly discovered testimony of the witness Gore, and the affidavit of Gore was not attached to the motion and the motion was wholly lacking in the requirements which would bring the testimony within the rule of newly discovered evidence, the motion was properly denied.   See Art. 2019, Vernon's Sayle's Civil Stat.   Sec. 197 Branch's P. C.

### ON REHEARING.

**6.—Same—Charge   of   Court—Self   Defense—Provoking   Difficulty—Held Correct.**

On rehearing appellant insists that the court in his charge blended the law of self defense and on provoking a difficulty we cannot agree that his contentions are sound.   It is obvious that it is not possible to

instruct the jury on the law of provoking the difficulty, without making some reference to the law of self defense. The two are inseparable as one is dependent upon the other. Distinguishing Castro v. State, 40 S. W. 986, and other cases cited.

**7.—Same—Continued.**

What the law requires is that each be distinctly put to the jury, without undue emphasis on the law of provoking the difficulty, and without intermingling the two so as to bring about a confusion in the minds of the jury. The use of the words "in connection with the foregoing charge on self defense, you are further instructed," have long been approved by the court. Following Mason v. State, 88 Texas Crim. Rep. 642.

Appeal from the District Court of Hardin County. Tried below before the Hon. J. M. Combs, Judge.

Appeal from a conviction of manslaughter, penalty three years in the penitentiary.

This is the second appeal of this case. The result of the first appeal is reported in 263 S. W. 1063, where a sufficient statement of the facts may be found.

*Robert A. Shivers,* of the firm of *Dycus & Shivers,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter, and the punishment is three years in the penitentiary.

This is the second appeal of this case. The result of the first appeal is reported in 263 S. W. 1063, where a sufficient statement of the facts may be found.

Appellant's first complaint is at what he terms the fundamental error of the court in requiring defendant to be tried by the regular jury rather than by a special venire. There is no bill of exceptions in the record presenting this matter and no fundamental error is shown. In any event, the fact that appellant had been acquitted of the offense of murder and convicted of manslaughter on a former trial makes it certain that this was not a capital case at the time of the last trial. Clay v. State, 157 S. W. 165. Gentry v. State, 152 S. W. 635.

By various methods appellant complains at the court's main charge because it failed, as he alleges, to charge the jury directly on self defense without mixing it with other questions. We do not think that the charge is subject to the objections

urged to it. In a separate and distinct paragraph the court affirmatively and properly submitted appellant's theory of self-defense. The charge as thus presented is as favorable as the law requires. It is true that in a separate paragraph of the court's charge the issue of provoking the difficulty was presented in connection with the court's charge on self defense. The charge on provoking the difficulty, however, seems to be in accord with the precedents in this State and we think there is no error manifested by this record with reference to this matter.

Appellant also complains at the alleged failure of the court to instruct the jury that defendant had a right to go into his field at the time of the shooting to put the hogs out and that if he believed that his life was in danger he had a right to carry a gun for his protection. This identical matter was presented by the court in his main charge in practically the language suggested by appellant in his exceptions.

By further complaint appellant contends that the court erred in failing to instruct the jury that if the defendant struck Mrs. Will Jackson to free his gun or to get her away thinking at the time that she was aiding or assisting her husband to take his life that he had a right to strike her. The record discloses that the court presented this matter in almost literally the same language as that in which appellant contends that it should have been presented.

Appellant also complains because the court refused to instruct the jury that they could not consider any act of the defendant in such way as to deprive him of any right of self defense unless he did the act for the purpose of bringing on the difficulty. The court in his main charge instructed the jury that if the defendant did not intentionally provoke said difficulty by striking the wife of the said Will Jackson or by intentionally committing some act or acts reasonably calculated and with the intent of causing the said Will Jackson to make an assault upon the defendant, or if they had a reasonable doubt thereof then the defendant's right of self defense would not be limited and the jury should find him not guilty. The charge as given was certainly as favorable as could have been asked by the appellant on this issue.

Complaint is also made at the court's action in refusing to permit the appellant to prove by the witness C. R. Kirkendall that he was sent for by the defendant ·immediately after the homicide and that he went to the bedside of the defendant and

that defendant told Kirkendall that Mrs. Jackson undertook to take his gun away from him for the purpose of permitting her husband, Will Jackson, to shoot him and that he saw them talking some distance before he reached the point where said Mrs. Jackson was standing, and that he felt sure they were planning to carry out the threat formerly made by Will Jackson to kill the defendant and further that the shooting was done under circumstances showing that appellant acted in self-defense. The court in qualifying this bill states that after the shooting, defendant returned to his home several hundred yards away, and afterwards sent for the witness, Kirkendall, who lived more than a mile away. The court further qualifies this bill by stating that the excluded testimony was as to a self-serving statement relative to the shooting made by the defendant and that the witness who heard the shooting testified that this conversation with defendant occurred from an hour or an hour and a half to three hours after the shooting and that the witness, Kirkendall, was not the first party to reach defendant as he was at home with members of his family when witness arrived. The court also refers us to the statement of facts on page 48 thereof as a part of his qualification of this bill. By reference to the page of the statement of facts referred to by the trial court we find from Kirkendall's testimony that he testified himself that it must have been somewhere about one and a half to three hours between the time of the shooting and the time he talked to the defendant. We think the court correctly excluded his testimony. We find nothing in the bill considered in connection with the court's qualification thereto that would bring it within the rule of res gestae.

By another complaint appellant alleges that the court erred in not granting a new trial by reason of the newly discovered evidence of one W. R. Gore. The affidavit of Gore is not attached to the motion for a new trial and the motion is wholly lacking in the requirements which would bring this testimony within the rule of newly discovered evidence. Art. 2019 Vernon's Sayles' Civil Statutes. Sec. 197 Branch's P. C.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The conviction is assailed upon the ground that the charge of the court offended against the law and precedents in framing the charge on the law of self-defense and provoking the difficulty. The specific criticism is the averment that the charge on self-defense is not in separate and distinct form from that of provoking the difficulty. An examination of the authorities cited fails to convince us of the soundness of the appellant's contention as applied to the particular charge in hand. The court, in paragraph 4, after stating the law of manslaughter and the application of the facts of that offense, instructed the jury upon the law of self-defense in several paragraphs, in the first of which the law of self-defense is stated in the abstract and in the second, application is made of that to the facts. The concluding part of the paragraph we quote:

"* * * and that acting upon such reasonable expectation or fear of death, or serious bodily injury, the defendant fired at the said Will Jackson, and killed the said Marvin Leo Jackson, or if you have a reasonable doubt thereof then you should acquit the defendant and say by your verdict 'not guilty,' and if the said Will Jackson was armed at the time defendant shot at him, if he did shoot at him, and was making such attack upon him with a gun, then the law presumes that the said Will Jackson intended to kill or inflict serious bodily injury on defendant."

The succeeding paragraph begins thus:

"In connection with the foregoing charge on self-defense you are further instructed, etc."

It is not in the terms in which the law of self-defense is put to the jury that is made the subject of complaint, but it is insisted that by the use of the expression last above quoted, namely, "in connection with the foregoing charge on self-defense you are further instructed" that the court blended the charge on self-defense with that of provoking the difficulty and improperly and unduly encumbered a charge on the law of self-defense following the words last mentioned and quoted. It is believed that the precedents cited do not support the appellant's contention. In the cases relied upon the charge on provoking the difficulty and the charge on self-defense were intermingled. For instance, in Castor's case, 40 S. W. 986, the paragraph of the charge upon the law of self-defense concluded thus:

"*. * * unless you believe that the defendant, after being struck by Cabazos, retired and armed himself, and then returned and called for Cabazos, for the purpose of killing him."

In Drake's case, 77 S. W. 7, 45 Texas Crim. Rep. 273, there was a complaint of the paragraph of the charge on self-defense. There was embraced a condition of qualification, of which the court said:

"Charging on self-defense, the court in every instance qualified this issue with a charge on provoking the difficulty."

In the case of Vann v. State, 77 S. W. 813, 45 Texas Crim. Rep. 434, the charge on self-defense had many vital defects. The same is true with reference to the charge on provoking the difficulty. As we understand the record, there was embodied in each charge on self-defense a paragraph to this effect: "If you do not believe that the defendant provoked the difficulty," etc.

In Price's case, 79 S. W. 540, 46 Texas Crim. Rep. 80, the charge applying the law of self-defense to the facts was interwoven with the qualifying instruction touching the law of provoking the difficulty.

In the other cases to which we are referred, namely, Burnett v. State, 100 S. W. 381; Beard v. State, 81 S. W. 33; McMillan v. State, 126 S. W. 875; Gray v. State, 114 S. W. 635; Sprinkle v. State, 91 S. W. 787, if they relate to the subject at all, the charge on the law of provoking the difficulty was faulty in some of the elements essential to its sufficiency  The general principle announced, namely, that when a charge on provoking the difficulty is authorized, there should be given a distinct charge upon that subject and a separate charge upon self-defense, must be construed in the light of the facts before the court at the time of the announcement. It is obvious that it is not possible to instruct the jury on the law of provoking the difficulty without making some reference to the law of self-defense. The two are inseparable, as one is dependent upon the other. What the law requires is that each be distinctly put to the jury without undue emphasis on the law of provoking the difficulty and without intermingling the two so as to bring about a confusion in the minds of the jury.

In using the words "in connection with the foregoing charge on self-defense, you are further instructed," the court followed a practice which has often been found and which, so far as we are aware, has never been condemned. It has been declared that the court should refrain from giving an abstract statement

touching the law of provoking the difficulty, and in the present case such statement could, with propriety, have been omitted. Moore v. State, 96 Texas Crim. Rep. 493; Carlile v. State, 255 S. W. 990.   However, the complaint is not of the abstract statement but of the beginning in the words quoted.   Following the abstract statement there is in the charge an unexceptional application of the law to the facts.   It embraces the elements of the law of provoking the difficulty and the converse thereof in accord with the rule announced in the Mason case, 88 Texas Crim. Rep. 6212, and procedents theer cited.

The motion is overruled.                    *Overruled.*