## JOHN MARSHALL v. THE STATE.

### *No. 1064.    Decided June 3rd, 1896.*

**Burglary—Circumstantial Evidence—Alibi—Charge.**

On a trial for burglary, where the court charged upon reasonable doubt, alibi, and circumstantial evidence, and, in each particular the charge appears to be suffi-cient. Held: The charge not having been excepted to, and no special instructions for defendant requested, no error is made to appear.

APPEAL from the District Court of Navarro.    Tried below before Hon. RUFUS HARDY.

Appeal from a conviction for burglary; penalty, two years' imprison-ment in the penitentiary.

Appellant was charged by the indictment with burglarizing the store of one J. M. Kouba.    The store house was set fire to and burned on the night of 22nd of February, about 3 o'clock a. m.    Goods, which were identified by Kouba, were found in the house occupied by defend-ant's sister.    Defendant's sister testified, that defendant furnished her with a house to live in and her provisions, as she was taking care of his children.    That on the morning of February 22nd, before daylight, he brought to the house the goods which were found there and claimed by Kouba.

Defendant, for himself, testified, that he had bought the goods from other parties, naming them.    These parties were introduced by the State in rebuttal, and denied ever having sold him the goods.

No further statement necessary.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and prosecutes this appeal.    There are only two questions raised for our consideration—the insufficiency of the evidence to support the convic-tion, and the error of the court in not fully presenting the law applica-ble to the theory of appellant's defense.    With reference to the first, we are of opinion that the evidence is amply sufficient to support the conviction.    We do not propose to enter into a discussion of the testi-mony.    The theory of the appellant on the trial was that at the time of the burglary, and the burning of the burglarized house, he was at a dif-ferent place, and asleep, and the goods found in his possession, and shown to have been taken from the burglarized house, he purchased at different places in the city of Corsicana.    The names of the parties from whom he claimed to have purchased the different articles were given by himself in his testimony, and several of said parties were in-troduced, and testified in rebuttal, to the effect that his statements in this respect were untrue.    With reference to this phase of the case, the

court charged the jury that they must believe beyond a reasonable doubt that the defendant entered the house as charged in the indictment, with intent to commit the crime of theft, before they could convict him.   He also charged very directly and pertinently the law applicable to alibi.   He further charged them on the law with reference to circumstantial evidence.   If other charges were desired by the appellant, he should have requested them.   In the absence of exceptions to the charge, and the appellant's failure to ask special instructions if he deemed the court's charge insufficient, we are of opinion that the charge .as given is sufficient.   The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.