### Virgil Carter v. The State.

#### No. 5747.    Decided April 7, 1920.

Murder—Manslaughter—Provoking Difficulty.

Where, upon trial of murder and a conviction of manslaughter, the evidence suggested only the issues of murder and justifiable homicide, and did not raise the question of provoking the difficulty, the court's charge on the law of provoking the difficulty is reversible error. Following Thomas v. State, 71 Texas Crim. Rep., 387, and other cases.

Appeal from the District Court of San Jacinto County. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of manslaughter; penalty: twenty years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Hansbro* and *Earle Adams,* for the appellant.—On question of the court's charge on provoking the difficulty: Casner v. State, 43 Texas Crim. Rep., 12, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for manslaughter. The appellant, using a single-barrel shotgun, shot and killed Herndon Kelley. The appellant and Kelley's wife were the only eyewitnesses. From the evidence, we understand the theory of the State to have been that the appellant, inspired by malice growing out of a quarrel with the deceased and abusive language uttered by the deceased against the appellant some four weeks before the homicide, undertook to waylay and kill him. This theory is supported by the testimony of the wife of the deceased, from which it appears that a short time before the homicide took place and on the same day, while the deceased and wife, riding in a wagon drawn by oxen, were traveling along a road which passed near the home of the appellant, they saw the appellant come out of his gate, walk on the road a short distance, and then go into the woods; that after traveling some 200 yards or more along the road, they found it obstructed by a log which had fallen across it, and the deceased got out of the wagon and engaged in clearing the brush away so that they could proceed on their journey; that while thus engaged, the appellant appeared in the road beyond the deceased and his wife, with a shotgun in his hands in a shooting position, and apparently endeavoring to shoot the deceased, the bushes presenting some obstruction to his view; that the deceased, observing him, went to his wagon, and while getting his gun the appellant shot him. The first shot taken effect but not being fatal, the deceased fired, when the appllant took shelter behind a tree, re-loaded his gun, and fired the fatal shot.

The theoory of the appellant, supported by his testimony and some circumstances, was that he had left his home and gone into the woods to hunt his horse, taking his gun according to habit for the purpose of hunting; that the road forked a short distance from his house, and he was unaware of the prong which was taken by the deceased; and that while engaged in hunting his horse, he came out of the woods into the road beyond the point at which the deceased had stopped his wagon and while the deceased was on the ground; that while in the road he heard the bell which was on his horse and stopped to determine its locality, when he saw the deceased, who said to him: "You God-damn yellow son-of-a-bitch, you are waylaying in the road for me," immediately following which the deceased fired. The appellant, undertaking to shoot, discharged his gun before he got it to a level, and hearing the wife of deceased call to him not to pursue appellant longer, that he was armed, the appellant fled to a tree some feet distant, the deceased firing at him again before he reached the tree, and once after

he did so—three shots in all—and while in the act of firing the fourth, the appellant fired the fatal shot, immediately running to his home. and soon afterwards voluntarily surrendering.

There was some testimony that the appellant, soon after the previous quarrel, had uttered a threat against the deceased, which was communicated to the deceased. The shots that struck deceased took effect in his breast and arm. The tracks upon the ground and the condition of the growth indicated that the point from which the first shot was fired by the appellant was in the road at a place where the view of the deceased was unobstructed, and where the appellant was in plain view of the deceased. Two empty shells from the Winchester of the deceased were found near his body.

The court submitted to the jury the issues of murder, manslaughter, and self-defense, qualifying the latter with a charge on provoking the difficulty. It occurs to us that the facts suggested only the issues of murder and justifiable homicide, and that the subject of provoking the difficulty did not arise. From the standpoint of the State, if its evidence was accepted, the deceased made no attack upon the appellant, but the appellant waylaid him and shot him while the deceased was in the act of trying to get a weapon to defend himself. The law of provoking the difficulty arises when the deceased is the attacking party, his attack brought about by the words or acts of the accused. intended to bring on the attack in order that advantage may be taken to slay his adversary and escape the consequences. It was said by Mr. Branch:

"A charge on provoking the difficulty should never be given unless self defense is an issue and there are facts in evidence which show that deceased made the first assault on defendant and that defendant, in order to have a pretext for killing or inflicting bodily injury upon deceased, did some act or used some words intended to and calculated to bring on a difficulty. Varnell v. State, 26 Texas Crim. App., 56; Wilson v. State, 36 S. W., 587; Grayson v. State, 57 S. W., 809; White v. State, 42 Texas Crim. Rep., 571. Casner·v. State, 43 Texas Crim. Rep., 12; McMahon v. State, 46 Texas Crim. Rep., 549; Burnett v. State, 51 Texas Crim. Rep., 22; Johnson v. State, 67 Texas Crim. Rep., 441, 149 S. W. 165; Sanchez et al. v. State, 70 Texas Crim. Rep., 24. 156 S. W. 220."

Branch's Annotated Texas Penal Code, p. 1095. Nothing in the State's testimony in the instant case would, in our opinion, justify the court in submitting the issue of self-defense, and if the case depended alone upon the testimony of the appellant the attack made by the deceased was unprovoked. The true issues were murder and justification. The charge on the law of provoking the difficulty puts into the case an issue not raised by the evidence, and one which is always harmful because it abridges the right of self-defense. Thomas v. State, 71 Texas Crim. Rep., 387; other cases cited in Branch's Annotated Texas Penal Code, p. 1096.

The submission of the issue of provoking the difficulty in the absence of evidence raising it constitutes error requiring reversal, which is ordered.

*Reversed and remanded.*