## O. C. KING v. THE STATE.

No. 10185.  Delivered June 16, 1926.

**1.—Manslaughter—Charge of Court—On Provoking Difficulty—Erroneously Submitted.**

A charge on provoking the difficulty is a limitation of the right of self-defense, and should never be given unless clearly raised by the evidence. Where the evidence only raises the issue of who fired the first shot, or began the difficulty which results in a homicide, such charge should not be given. See Branch's Ann. P. C., Sec. 1955. Phillips v. State, 36 S. W. 86, and numerous other cases cited.

**2.—Same—Evidence—Uncommunicated Threats—Erroneously Rejested.**

Where, on a trial for manslaughter, appellant offered to prove threats made by the deceased to kill him, which were not communicated to appellant, it was error to exclude this testimony. Uncommunicated threats against the appellant are always admissible where the issue of self-defense is in evidence, as bearing upon the issue of who fired the first shot. See Branch's Ann. P. C., Sec. 2079. Following Pitts v. State, 29 Tex. Crim. App. 380, and other cases cited.

**3.—Same—Evidence—Improperly Excluded.**

And so it was error to refuse to permit appellant to prove a difficulty between deceased and a son of appellant, which had come to the knowledge of the deceased, as bearing upon the condition of appellant's mind at the time of the homicide.

**4.—Same—Evidence—Improperly Rejected.**

Where, on a trial for manslaughter, it having been shown by the state that deceased was killed at the home of appellant's wife, and that

at the time appellant was living separate and apart from his wife, it was error to refuse to permit appellant to show the reason why he and his wife were living apart, in rebuttal of the inference of the state's theory that it was due to the fault of appellant.

### 5.—Same—Evidence—Clothing Worn by Deceased—Properly Admitted.

Where, in a homicide case, there is the issue presented by the testimony as to whether the bullets which killed the deceased were fired from the front, or the back, it was not error to permit the state to introduce the clothing worn by the deceased, on this issue. Following Cole v. State, 45 Tex. Crim. Rep. 225; Trigg v. State, 99 Tex. Crim. Rep. 376.

### 6.—Same—Disqualification of an Attorney—Statute Construed.

Our statute, Art. 22 C. C. P. of 1925, provides that "District and County Attorneys shall not be of counsel adverse to the state in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the state in any case in which they have been of counsel for the state." The county attorney of Willacy County at the time of the difficulty between appellant and deceased, who prepared and filed a complaint against appellant charging him with an assault to murder deceased, could not thereafter appear as counsel for appellant, nor in any manner aid in his defense, although no longer county attorney.

### 7.—Same—Bill of Exception—Qualification of Court—Appellant Bound by Same.

Where objection is made to the introduction of statements made by deceased, after the shooting, and the bill of exception presenting the matter is qualified by the trial court with the statement that the evidence was admitted as a dying declaration, we presume that such statements of the deceased were made after the deceased was conscious of approaching death and that same was based upon and supported by a proper predicate.

### 8.—Same—Evidence—Acts and Conduct of Deceased—Unknown to Appellant—Inadmissible.

Where appellant was not permitted to prove acts and conduct of deceased and appellant's wife which tended to prove criminal intimacy between appellant's wife and deceased, but which were unknown to appellant at the time of the homicide, and which were not relied upon by him as a cause for the killing, no error is shown in excluding this testimony.

Appeal from the District Court of Nueces County on a change of venue from Willacy County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*H. G. Hart* of Raymondville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Nueces County for the offense of manslaughter, and his punishment assessed at confinement in the penitentiary for five years.

It appears from the record that the appellant was charged by indictment with murdering one J. J. Ellerd, in Willacy County, on the 18th day of July, 1925, by shooting him with a gun, and that the court, of his own motion, changed the venue from Willacy County to Nueces County. The record discloses that the appellant and his wife had raised a large family of children, consisting principally of boys, most of whom were grown at the time of the homicide; that he and his wife, in the latter part of 1918, had a separation agreement prepared and executed, in which it was stated that they agreed to live separate and apart, and made a division of the property then on hand. The facts show, however, that they lived together as husband and wife thereafter until some time in 1919, at which time the appellant left his wife and children and went into business in southern Texas, but he continued thereafter to visit them at intervals, and he and his wife on some occasions during said times resumed the relationship of husband and wife, until a few months prior to the filing of divorce proceedings against him by his wife, which appear to have been two or three months prior to the homicide. The record further discloses that the deceased was pursuing the occupation of horse racing and had employed one of the appellant's minor sons as a rider, and through this employment an acquaintance arose between the deceased and the wife of appellant. Thereafter, the deceased moved his horses from Harlingen, Texas, to the premises occupied and owned by appellant's wife, and established a camp in the lot, built a race track on the premises, and took his meals with appellant's wife. The record further discloses that on the morning of July 18, 1825, the appellant went to said premises and inquired of one of his sons the whereabouts of another son by the name of Ira King, and being informed that the latter would likely be at the bee-house located nearby on said premises, the appellant left the residence and started in that direction. Within a short time thereafter, the report of a gun was heard, and the record discloses that the appellant was in a field thirty or forty yards from the lot and camp of the deceased and was shooting at and in the direction of the deceased, and that the deceased shot at the appellant. In this shooting the deceased was mortally wounded and died a few hours thereafter. It was the theory and contention of the

state, and evidence was introduced in support thereof, that the appellant, without provocation, fired upon the deceased without the deceased knowing of the presence of appellant. It was the contention of the appellant, and he so testified, that the deceased fired upon him first, without warning, and that he, in his own self defense, shot and killed the deceased.

The record is very voluminous and contains many bills of exception, but the most serious question presented is the appellant's objection to the court's charge to the jury on provoking the difficulty. The appellant urgently insists that the evidence in this case fails to raise the issue of provoking the difficulty, and that the action of the court in submitting this charge to the jury, over appellant's timely objection, was reversible error. We have carefully read the statement of facts in this case and fail to find any evidence therein raising this issue, and are forced to the conclusion that the trial court was in error in submitting same to the jury. The question involved, as shown by the record, was whether it was the deceased or the appellant who made the first attack. The appellant testified that it was the deceased, and the alleged dying declaration of the deceased was to the effect that it was the appellant. There were no other eye witnesses to the beginning of the difficulty. Mr. Branch, in his Ann. P. C., Sec. 1955, states: "If the only question involved is, 'who made the first attack,' the issue of provoking the difficulty is not in the case," citing Phillips v. State, 36 S. W. 86; Edwards v. State, 60 Tex. Crim. Rep. 323, 131 S. W. 1078, and many other authorities. Under the same section it is also stated: "If the state's case is unprovoked homicide and the defendant's case a perfect self defense, the issue of provoking the difficulty is not in the case," citing Lockhart v. State, 53 Tex. Crim. Rep. 595, 111 S. W. 1024. This author further states: "It is error to charge on the issue on provoking the difficulty when the testimony does not raise that issue, because it puts the defendant in the wrong and is a limitation of the right of self defense," citing Lockhart v. State, supra, and a great collation of other authorities. Also see Dugan v. State, 216 S. W. 161, 86 Tex. Crim. Rep. 130; Carlile v. State, 255 S. W. 990, 96 Tex. Crim. Rep. 37; Wright v. State, 258 S. W. 174, 96 Tex. Crim. Rep. 471.

In bill of exception No. 10 complaint is made to the refusal of the court to permit the appellant to show by the witness, Mullins, that prior to the homicide he heard the deceased, in an angry manner and in referring to the appellant, state: "I will take a gun and go down and kill the old s. b." This evidence was

excluded by the court, upon objection of the state, for the reason that the threats were not shown to have been communicated to the appellant. We think the action of the court in this instance was error and that the evidence was admissible, although uncommunicated, as tending to show which one of the parties to the difficulty was the aggressor, and bearing on the issue as to which one fired the first shot. See Branch's Ann. P. C., Sec. 2079, citing Pitts v. State, 29 Tex. Crim. Rep. 380, 16 S. W. 189; Pate v. State, 54 Tex. Crim. Rep. 462, 113 S. W. 759; Bankston v. State, 175 S. W. 1069, and many other authorities.

In bill No. 12 complaint is made to the refusal of the court to permit the witness, Mrs. Ira King, to testify to a difficulty between her husband and the deceased, and to statements made in that connection by the appellant's wife and Tom King, to the effect that Ira King and Ross King should leave the place on account of said difficulty with deceased. This bill discloses that this transaction, or at least part of it, was communicated to the appellant prior to the alleged homicide. We are of the opinion that such parts of this difficulty brought to the notice of the appellant were admissible and should have gone to the jury as bearing on the mind of the appellant at the time of the homicide.

Bill No. 16 complains of the refusal of the court to permit the appellant to show that the reason why he stayed away from his wife and family was on account of the conduct and treatment of his son, Tom, towards him, and that it was not by reason of his own misconduct. We think this testimony was admissible in rebuttal of the state's theory and testimony introduced before the jury tending to show that the reason why appellant lived away from his family was on account of his own conduct.

The appellant also complains of the action of the court in permitting the state to introduce in evidence the clothes worn by the deceased at the time of the homicide, the objection raised being that same were bloody and that their introduction in evidence was prejudicial to the rights of the appellant. We think the court properly admitted this testimony, as there was a sharp issue drawn between the state and the appellant as to whether the bullets entered the body of the deceased from the front or the back. Cole v. State, 45 Tex. Crim. Rep. 225; Trigg v. State, 99 Tex. Crim. Rep. 376.

Bills of exception Nos. 1, 2 and 4 complain of the action of the court, upon motion of the state, in refusing to permit Hon. J. P. Cogdell to appear as attorney in behalf of the appellant, or to allow him to assist appellant in selecting the jury in the

case. The record discloses that on the date of the homicide, and prior thereto, said attorney was County Attorney of Willacy County, the scene of the homicide, and filled out the complaint charging the appellant with assault with intent to murder, involving the same facts as the murder charge, which was filed in the examining court, and that thereafter he tendered his resignation to the Commissioners' Court, which was accepted. The record further discloses that the filling out of said complaint was all that said attorney did in the way of representing the state in this case. Art. 32, 1925 C. C. P., states: "District and County Attorneys shall not be of counsel adversely to the state in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the state in any case in which they have been of counsel for the state." We think this article clearly disqualified the said attorney from representing the appellant, and there was no error in the court's action in so holding.

Bills 5 and 6 complain of the action of the court in permitting the witness, Dr. McCann, to testify to statements made by the deceased to the effect that he did not see the appellant when the first shot was fired, and that he could not see after he was shot in the neck. The objection raised to this testimony was that such statements were not part of the res gestae. The court's qualification shows that they were admitted as dying declarations. This bill is not very explicit, but this qualification of the court, while it does not state that such statements of the deceased were made after he was conscious of approaching death, forces us to presume that the court's action in admitting this testimony was correct, and that same was based upon a proper predicate.

There are many other bills of exception complaining of the action of the court in refusing to permit the appellant to show that his wife had a pistol which, according to her statement, had been furnished her by the deceased for the purpose of shooting the appellant, and also to show other acts of the appellant's wife with the deceased tending to show criminal intimacy, but in the absence of a showing that these matters had been brought to the attention of the appellant prior to the homicide, we are of the opinion that there was no error in the ruling of the court thereon.

For the errors above mentioned, we are of the opinion that

the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.