H. B. ROEBUCK V. THE STATE.

No. 10649.   Delivered March 9, 1927.

1.—Murder—Uncommunicated Threats—Erroneously Excluded.

Where, on a trial for murder, the testimony being conflicting as to whether appellant or the deceased began the difficulty, it was error to exclude proof of uncommunicated threats made against appellant by the deceased a few days prior to the homicide. See Branch's Ann. P. C., Sec. 2097.   Also Pitts v. State, 29 Tex. Crim. App. 380; Dunn v. State, 262 S. W. 615; King v. State, 286 S. W. 231.

2.—Same—Charge of Court—On Manslaughter—Erroneous.

Where the evidence disclosed a difficulty between appellant, the deceased and the brother of the deceased, it was error in submitting the charge on manslaughter to fail to embrace therein the acts and conduct of the brother of the deceased, at the time of the homicide and in restricting the issue of manslaughter to the acts and conduct of the deceased alone.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

*W. T. Davis* and *S. W. Blount* of San Augustine, for appellant. On admissibility of uncommunicated threats, appellant cites: Dunn v. State, 263 S. W. 615; Pitts v. State, 16 S. W. 189; Stewart v. State, 35 S. W. 985; Trotter v. State, 36 S. W. 276; Williams v. State, 70 S. W. 756; Huddleston v. State, 112 S. W. 64;

Pate v. State, 113 S. W. 759; McMillan v. State, 143 S. W. 1174, and Bankston v. State, 173 S. W. 1069.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at confinement in the penitentiary for life.

The record discloses that on the day of the homicide the appellant, together with his son-in-law, Lee Tony, and his son, Edward Roebuck, overtook on the public road and were in the act of passing the deceased, Otis Harvey, and his two brothers, Burrell and Arnold Harvey, when the difficulty in question arose. The record further discloses that Burrell Harvey was a young man about 18 or 19 years of age, that the deceased was about 14 years of age, and that Arnold Harvey was about 13 years of age. It appears that the appellant and Eli Harvey, father of the deceased, had a former difficulty, out of which the homicide finally resulted. It was the contention of the state that Edward Roebuck, son of the appellant, began the difficulty at the time of the homicide by inquiring of Burrell Harvey if he had called appellant "a son-of-a-bitch" a few days prior thereto. It was the contention of the appellant that Burrell Harvey started the difficulty by refusing to speak to Edward Roebuck and telling him to "go to hell" because the said Edward Roebuck spoke to him, the said Burrell Harvey; and that Burrell Harvey and the deceased were the aggressors in the difficulty, Burrell having a drawn knife and the deceased handing to him an automobile pump with which he struck Edward Roebuck a severe blow on the head, knocking him down, whereupon the appellant, according to his contention, drew a pistol and began firing in defense of his son, with the result that deceased was killed. It was also the contention of the appellant that he was shooting at Burrell Harvey and accidentally hit deceased. It was the contention of the state on this issue, and evidence was introduced to that effect, that appellant was shooting at both Burrell Harvey and the deceased.

There are five bills of exception in the record. Bills 1 and 2 complain of the action of the court in refusing to permit appellant, after it was shown by the testimony that Burrell Harvey, in the town of San Augustine a few days prior to the homicide, had called the appellant "a son-of-a-bitch" and out-

siders had interfered in preventing a difficulty, to show. that within a few minutes thereafter the deceased, Otis Harvey, stated to the witness Vollie Peters, in referring to the difficulty and the appellant:

"We would have gotten him a while ago if we had not been interfered with by Bryan Nolan; we will get him yet on the road some time, and if we are not able to get him we will call our father and he will bring a gun and we will give them what they are looking for."

The state objected to this testimony on the ground that said alleged threats had never been communicated to the appellant. It is the contention of the appellant that, although said threats were not communicated to him, still when the issue was raised as to who began the difficulty this testimony was admissible for the purpose of corroborating his theory that the difficulty was begun by Burrell Harvey and participated in by the deceased. The appellant's contention will have to be sustained, under the facts developed in this record and the decisions of this court. Mr. Branch, in his Ann. P. C., Sec. 2079, states:

"Proof of an uncommunicated threat made by deceased against defendant is admissible where it is an issue as to who made the first demonstration or who began or who was most likely to begin the difficulty," citing Pitts v. State, 29 Tex. Crim. App. 380, 16 S. W. 198, and many other authorities. Also see Dunn v. State, 262 S. W. 615; King v. State, 286 S. W. 231, and authorities therein cited.

The appellant also contends that the court was in error in limiting and restricting his charge on manslaughter to the acts and conduct of the deceased, instead of instructing the jury that they could take into consideration the acts and conduct of the deceased and those of his brother, Burrell Harvey, in determining the adequacy of the cause to provoke the manslaughter mind on the part of appellant. The court failed to charge the jury on the acts and conduct of Burrell Harvey on this issue, and this, we think, was error, as the record discloses that just a few days prior to the homicide it was he who used very opprobrious epithets toward the appellant in the town of San Augustine, and who struck the appellant's son over the head with an automobile pump at the time of the homicide, and who was one of the principal actors in said affray. In view of this condition of the record, we are of the opinion that the court's failure to charge on the acts and conduct of Burrell Harvey, in connection with those of the deceased, was reversible error.

House v. State, 171 S. W. 206; Claxton v. State, 288 S. W. 449, on rehearing.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.  *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.