**Samuel Cuellar LARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44627.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

Second Rehearing Denied June 14, 1972.

William Davenport, John Eaton, San Angelo (On Rehearing Only), for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

PER CURIAM.

The offense is Sale of Heroin; the punishment, 21 years.

No grounds of error are set forth in a brief filed in the trial court as required by Art. 40.09, Vernon's Ann.C.C.P.

We have examined the record and find nothing contained therein which we should consider as unassigned error under Section 13 of said Article.

No question based on indigency is raised.

The judgment is affirmed.

No motion for rehearing will be entertained or filed with the clerk without leave of this Court first being obtained after good cause has been shown.

OPINION

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

On original submission, this case was affirmed by per curiam opinion because no grounds of error were set forth by brief in compliance with Article 40.09, V.A.C.C.P.

Appellant was represented by retained counsel. No question of indigency was raised in the record on original submission. In a supplemental transcript forwarded to this Court by the trial court since the rendition of our original opinion, we note the following colloquy between the court and counsel at the time of sentencing regarding the question of indigency:

"COURT: (To Mr. Lara) All right, you can be seated. I will put on here notice of appeal and return it back to you as soon as I get it written down. Now, Mr. Daveport, I have tied on to that the following: To which action of the Court the defendant in open court excepts and gives notice of appeal to the Court of Criminal Appeals of the State of Texas. Now, then, I think maybe in light of the fact, Mr. Davenport, that you have been a pretty sick man I had better say this, that if it should develop that Mr. Cuellar—maybe I should put it this way, if it should develop you can't brief it and that Mr. Cuellar does not have the means with which to pay a lawyer to brief it or if it just develops that he can't pay a lawyer to brief the case, why, I would appoint a lawyer to brief it for him and handle it on appeal.

"MR. DAVENPORT: I think he will arrange to have it briefed at Austin.

"COURT: All right, if he should have too much of a trouble there, something of that sort, and have to come to me, why, I would allow briefing at public expense and if not, if he is not able to swing it himself.

"DISTRICT ATTORNEY: It is Mr. Lara. You mean Mr. Lara in place of Cuellar.

"COURT: Yes, of course."

It is apparent that the trial court gave appellant every opportunity to declare himself to be indigent but that such opportunity was not seized by him.

■ In cases where it is shown that appellant was indigent and no brief was filed in aid of his appeal, this Court normally abates the appeal so that the brief may be filed in trial court and transmitted to this Court. Since appellant was represented by retained counsel and there is no question of indigency, he is bound by the provisions of Article 40.09, Sec. 9, V.A.C.C.P.

Appellant filed a supplemental brief in this Court after the rendition of our original opinion which we have examined and conclude raises no questions requiring consideration under Article 40.09, Sec. 13, V.A.C.C.P. "in the interest of justice."

■ A mere showing that no member of a particular race served on a certain jury panel, standing alone, will not establish racial discrimination. Gonzales v. State, 161 Tex.Cr.R. 488, 278 S.W.2d 167.

■ Additionally, we have examined the record and fail to find any objections to the court's charge about which appellant complains. In the absence of an objection, nothing is presented for review. Greer v. State, Tex.Cr.App., 468 S.W.2d 811.

Appellant's motion for rehearing is overruled.