**Lester STANLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61130.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 10, 1981.

Rehearing Denied Jan. 6, 1982.

George W. Morris, Conroe, William R. Cummings, New Caney, for appellant.

James H. Keeshan, Dist. Atty. and Michael A. McDougal, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, ODOM and TOM G. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of voluntary manslaughter; the punishment is imprisonment for twenty years and a fine of $10,000. The trial was in Polk County after a change of venue from San Jacinto County.

The appellant asserts that a charge on provoking the difficulty was erroneously submitted to the jury, and his plea of former jeopardy was erroneously overruled.

The appellant's testimony raised the issue of self defense, and an appropriate charge was submitted to the jury; however, a charge on provoking the difficulty that limited the right of self defense was also submitted to the jury. The appellant made a timely objection urging that there was no evidence to justify the charge on provoking the difficulty. The record sustains the appellant's contention; we find the evidence did not raise the issue of provoking the difficulty.

It is error to charge on the issue of provoking the difficulty when the testimony does not raise that issue because it puts the defendant in the wrong and is a limitation on the right of self defense. *King v. State*, 104 Tex.Cr.R. 583, 286 S.W. 231 (1926); *Koller v. State*, 36 Tex.Cr.R. 496, 38 S.W. 44 (1896); 4 Branch's 2d ed. 462, Sec. 2134 and many cases cited there.

A charge on provoking the difficulty should not be given unless self defense is an issue and there are facts in evidence which show that the deceased made the first assault on defendant and that the defendant, in order to have a pretext for killing or

inflicting bodily injury upon deceased, did some act or used some words intended to and calculated to bring on the difficulty. *Carter v. State*, 87 Tex.Cr.R. 200, 220 S.W. 335 (1920); *Varnell v. State*, 26 Tex.App. 56, 9 S.W. 65 (1888); 4 Branch's 2d ed. 461, Sec. 2134.

The only evidence of the circumstances immediately preceding the appellant's shooting of the deceased was the testimony of the appellant and Jo Ann Fletcher. The deceased, Oliver Ellisor, was the proprietor of a business enterprise in a rural area in San Jacinto County. Ellisor operated a grocery store, a washateria, a feed store, and a liquor store all in one building. Between 7:00 and 8:00 p.m. near closing time, the only people on the premises other than Ellisor, were two small children, Jo Ann Fletcher, and her sister Ora Lee Sykes, who were in the washateria. Ora Lee Sykes testified that she heard two shots and that was all she knew about the shooting.

Jo Ann Fletcher testified that she saw the appellant park his car in front of the washateria; she waved at him, and about ten minutes later he backed out, and she thought he was gone. Soon thereafter the children came into the washateria and said, "They are fighting. Let's go. Let's go." Jo Ann Fletcher walked to the door and saw Ellisor and the appellant fighting and struggling on the ground. She heard the appellant say, "You're taking advantage of me because I'm crippled." She heard Ellisor say, "We're not going to do this. I'll see you tomorrow." Ellisor then helped the appellant get up and they moved toward their vehicles. In a "little while" she heard a gun shot and heard Ellisor say, "Junior [the appellant's nickname] you shot me." She saw Ellisor run around the front of his vehicle and she heard another shot. Ellisor then ran into the washateria and she closed the doors. Ellisor told her to get his wife. The appellant came into the washateria; his face was bloody and he had a gun in his hand. The appellant then left and Jo Ann Fletcher went to get Ellisor's wife. Fletcher came back to the washateria, and Ellisor was behind the washateria dead.

The appellant testified that he and Ellisor were friends, and that Ellisor had asked him to talk to another party about purchasing some property. Ellisor wanted to talk with appellant and he told Ellisor he would come talk to him in the evening about the time he closed his business. The appellant drove to the Ellisor's place of business and waited in the car for Ellisor to come out. Ellisor came out and said, "Junior, why did you lie to me about the land?" The appellant testified he had decided not to talk to the third party about the property; he responded, "What are you talking about, Oliver, about lying to you?" Ellisor again accused the appellant of lying and "one word led to another." Ellisor then hit and kicked the appellant and he fell to the ground. Ellisor was kicking, beating and cursing the appellant. The appellant, while he was on the ground, reached under his car seat and obtained a chain with which he struck Ellisor in self defense. Ellisor said, "You black nigger, you, I'm going to kill you." Ellisor then ran toward his truck in which the appellant knew Ellisor carried a shotgun that he would use. The appellant said he reached under his car seat again, got a pistol, and fired a warning shot at Ellisor. The appellant testified he believed Ellisor would kill him, and having no alternative he fired another shot which struck and killed Ellisor.

There was other testimony that a few hours prior to shooting Ellisor the appellant attempted to obtain an "unregistered pistol"; he stated at that time he was going "to kill Oliver Ellisor." There is no evidence that Ellisor knew the appellant had a pistol in his car or that the appellant had said he was going to kill him.

The State argues that in addition to the appellant's own testimony: "The State's evidence thus showed a prior disposition to kill on the part of the appellant; preparations to kill; a fight with the deceased at his own place of business, and the firing of the first shot." The State cites and relies on *LaFarn v. State*, 159 Tex.Cr.R. 562, 265 S.W.2d 816 (1954). The State's brief quotes some of the facts taken from that opinion on origi-

nal submission and then quotes a conclusion in the motion for rehearing that, "The facts clearly show a case of provoking the difficulty." Since no charge on provoking the difficulty was submitted to the jury in that case, p. 819, the conclusion stated by the court is dicta. We do not find *LaFarn v. State* to be controlling.

The present case is much more like that of *Jones v. State*, 149 Tex.Cr.R. 119, 192 S.W.2d 155 (1946). We quote from the opinion in that case on rehearing:

"It has been said that a party may have a perfect right of self defense without being entirely free from blame or wrong doing in the matter. If his wrongful act was not intended to produce the occasion and was not reasonably calculated to do so—that is to provoke the very difficulty in question—his right of self defense would still be available to him. *Mason v. State*, 88 Tex.Cr.R. 642, 228 S.W. 952.

"Again it has been held in *Crow v. State*, 48 Tex.Cr.R. 419, 88 S.W. 814, that where the accused, after having a difficulty with deceased, went for his pistol and returned for the purpose of renewing the difficulty, or killing the deceased, but said nothing and did nothing to deceased when he reached him which was reasonably calculated to provoke a difficulty, the evidence was insufficient to justify a charge on provoking the difficulty. See also *Pollard v. State*, 45 Tex.Cr.R. 121, 73 S.W. 953; *Crowson v. State*, 51 Tex.Cr.R. 12, 100 S.W. 782; *Munden v. State*, Tex. Crim.App., 64 S.W. 239; *Chambers v. State*, 46 Tex.Cr.R. 61, 79 S.W. 572; and *McCandless v. State*, 42 Tex.Cr.R. 58, 57 S.W. 672.

"In the case before us appellant went alone to the scene of the homicide. He alone testified as to what took place. There is no evidence that he made any motion, spoke any words, or performed any act at that time which caused the deceased to draw the gun on appellant. We may not speculate as to what did occur even though every circumstance preceding the homicide indicates that he went for the purpose of taking the life of Beadle. His story of his purpose for go-

ing there will likely not appeal to another jury. Nevertheless, he is entitled to a charge on the law, and it appears that this court has consistently held contrary to the charge given."

In this case there is no evidence that the appellant made any motion, spoke any words, or performed any act at the time which caused the deceased to first attack the appellant thereby furnishing the appellant with a pretext for killing the deceased. The evidence shows that the deceased's attack on the appellant was unprovoked.

The appellant also complains that the overruling of his plea of former jeopardy was error. We find this ground of error to be without merit. Two indictments were returned against the appellant: both alleged he had committed the same offense of murder, but one contained a paragraph alleging a former conviction to enhance punishment on conviction. The State elected to go to trial in San Jacinto County on the indictment which did not contain the paragraph to enhance punishment. There was a hung jury and a mistrial was declared. The indictment was dismissed and the appellant was brought to trial on the other indictment. The appellant's plea of jeopardy was overruled. The jury found the appellant guilty of voluntary manslaughter but there was a hung jury on punishment and a mistrial was declared. A change of venue to Polk County was ordered. The appellant renewed his plea of former jeopardy which was overruled.

The appellant now argues, "To try the Defendant a second or third time under a second indictment pending at the time of the first trial, after the first trial indictment had been dismissed clearly raises the issue of double jeopardy under both the Federal and State Constitution in this case." We disagree. We have carefully considered the appellant's argument and the numerous authorities on which he relies, but we find they are not applicable to the facts presented in this case.

When the jury after it failed to reach a verdict in the first trial was by mutual

agreement discharged jeopardy had not attached. *Brown v. State,* 508 S.W.2d 91 (Tex.Cr.App.1974). *Galloway v. State,* 420 S.W.2d 721 (Tex.Cr.App.1967).

The judgment is reversed and the cause is remanded.

ODOM, J., not participating.