**John Willis THOMAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–84–01084–CR.**

Court of Appeals of Texas, Dallas.

Sept. 26, 1985.

---

James H. Anderson, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

Before SPARLING, VANCE and GUILLOT, JJ.

VANCE, Justice.

John Willis Thomas appeals his conviction for involuntary manslaughter. The trial court assessed punishment at ten years confinement.

On March 30, 1985, appellant's brief was due to be filed by his retained counsel. No brief was filed. Thereafter, on April 9, 1985, this court notified counsel that his brief was overdue and would not be accepted for filing unless submitted to this court within seven days along with a proper motion to extend the time to file appellant's brief. There was no response to this notification. On June 17, counsel tendered appellant's brief which was returned on June 26 because the brief was not timely and was not tendered in compliance with this court's directive of April 9. On July 26, counsel filed his belated motion to extend time which was denied on July 30.

Appellant's retained counsel is bound by the appellate time limits prescribed by the Texas Code of Criminal Procedure. *Lara v. State*, 480 S.W.2d 661, 662 (Tex.Crim. App.1972), *cert. denied*, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972). We cannot condone counsel's complete disregard of those time limits. *Hubbard v. State*, 649 S.W.2d 167, 168 (Tex.App.—Dallas 1983, no pet.). Conscientious counsel should never allow an appellate time limit to elapse without filing the required material or a proper and timely extension motion. *Id.*

Here, appellant's counsel not only disregarded the time limits for filing his brief but further disregarded the notice sent him by this court that his brief was late and should be filed together with a proper motion for extension within seven days. After all time limits established by the Code of Criminal Procedure and the directives of this court had expired, the belated attempts by counsel to then file a brief and an extension motion are of no avail. Where counsel is retained, as here, and no brief is filed in accordance with the Code of Criminal Procedure, no timely extension motion is presented, and counsel disregards the directives of this court, then this Court will conclude, as we do now, that there has been a lack of diligence and that nothing is presented for review. *See Robinson v. State*, 661 S.W.2d 279, 282 (Tex.App.—Corpus Christi 1983, no pet.).

We will, however, in every case, review the entire record for fundamental error. *See Carter v. State*, 656 S.W.2d 468 (Tex. Crim.App.1983) (en banc). Our examination of the record does not disclose any fundamental error.

Affirmed.