**John Willis THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–01084–CR.**

Court of Appeals of Texas, Dallas.

April 27, 1988.

James H. Anderson, Dallas, for appellant.

Carolyn Fitz–Gerald, Dallas, for appellee.

Before HECHT, BAKER and KINKEADE, JJ.

BAKER, Justice.

For the second time, John Willis Thomas appeals his 1984 conviction for involuntary manslaughter. On the first appeal this Court affirmed the conviction because no brief was filed and nothing was presented for review and the record did not disclose any fundamental error. *Thomas v. State,* 704 S.W.2d 804 (Tex.App.—Dallas 1985, pet. ref'd). On September 30, 1987, the Court of Criminal Appeals granted appellant's application for writ of habeas corpus and entered an order permitting an out of time appeal. This matter is now before us on this out of time appeal. We affirm the trial court's judgment.

In his sole point of error, appellant alleges that the trial court erred by including an instruction on provoking the difficulty in its charge to the jury, thereby limiting his right of self-defense. Appellant contends that the instruction was improperly included as it was not supported by any evidence. It is error to charge on the issue of provoking the difficulty when the testimony does not raise that issue because it puts the defendant in the wrong and is a limitation on the right of self-defense. *Stanley v. State,* 625 S.W.2d 320, 321 (Tex.Crim.App.1981); *King v. State,* 104 Tex.Crim. 583, 286 S.W. 231 (1926). The issue of whether appellant's conduct was reasonably calculated to provoke the difficulty is a question of fact for jury determination, under appropriate instruc-

tion from the court. *Garcia v. State*, 522 S.W.2d 203, 206 (Tex.Crim.App.1975).

It is well established that a charge on provoking the difficulty is properly included under the following circumstances:

1. Self-defense is an issue;
2. There are facts in evidence which show that the deceased made the first attack on the defendant; and
3. The defendant did some act or used some words intended to and calculated to bring on the difficulty in order to have a pretext for inflicting injury upon the deceased.

*Matthews v. State*, 708 S.W.2d 835, 837–38 (Tex.Crim.App.1986); *Williamson v. State*, 672 S.W.2d 484, 486 (Tex.Crim.App.1984). Words alone may provoke the difficulty, thereby justifying a provocation charge. *Matthews*, 708 S.W.2d at 838; *Morrison v. State*, 158 Tex.Crim. 424, 256 S.W.2d 410 (1953).

In order to evaluate appellant's contention, a recitation of the salient facts is necessary. The record reveals that on August 12, 1982, an altercation occurred between appellant, his wife Shirley Thomas, her mother Katerine Johnson, and Mrs. Thomas' daughter by a previous marriage. As a result, appellant shot his mother-in-law in the hand and shot and killed his wife Shirley.

Appellant testified that prior to this occasion, he had not gotten along well with his mother-in-law; in fact, she had, on one occasion, shot at him with a shot-gun. Appellant testified that his wife was very dependant upon her mother. He testified that the day before the incident in question, his wife Shirley had, at the suggestion of her mother, told appellant that she was going to move out. On the day of the shooting, appellant's wife, his mother-in-law and several other family members were at couples' home helping Shirley pack up to move out. Appellant testified that he was sleeping in one of the bedrooms at the house when his mother-in-law woke him, cursed him and told him to get out of the bed. She told him that they were going to move most of the furniture and leave him only what he needed. He attempted to re-enter the bedroom, but was prevented by his step-daughter. As he attempted to enter the room, his step-daughter pulled a gun on him, cursed him and said that she had been wanting to kill him for along time and shot at him. He ran, got his gun from under the mattress of the bed and looked around to shoot at the step-daughter, but she had left the room. He then stated he was going to put his gun back but saw his mother-in-law sitting in a chair in another part of the same room. He testified that he knew she always carried a gun. She cursed him again and accused him of desiring to shoot the step-daughter, and he then observed her reaching down to pick up a foil package. He said he knew that the package contained a gun so he fired a shot at Mrs. Johnson's hand, although he did not see a gun in her hand. At this point, his wife Shirley came to the middle of the room and exclaimed "you shot my mama and I'll kill you" and reached into her bra where he believed she had a gun. Appellant testified that he leaped toward her to get the gun from her and during the struggle she was shot and killed. Although he was "almost positive" she had a gun, he never saw one nor was one found. He had previously had problems with both his mother-in-law and step-daughter and was angry with both of them earlier on the day of the shooting. Appellant concluded by saying the shooting of his wife Shirley was an accident.

Appellant and Shirley's natural daughter testified that prior to the shootings, she discussed with appellant whether she would live with appellant or Shirley following the separation. She stated that appellant gave her some money and told her that this may be the last time he would ever see her. Later, she heard the shots and heard her mother say, "Oh John, not my mother." When this daughter asked appellant why he had shot her mother and her grandmother, appellant told the child he was tired of their mistreating him.

■ We hold that the three elements necessary to give a provocation charge are present in this case. The first element, self-defense, was raised as a jury issue

when appellant testified that he thought his wife was reaching into her bra for a gun after she threatened to kill him because he shot her mother. Indeed, appellant requested and received a jury instruction on self-defense.

There is evidence in the record of the second element as well, i.e., that the deceased initiated the encounter between appellant and herself. That is appellant's testimony that his wife was reaching for a pistol in her clothing to shoot him first.

As to the third element, we also find evidence sufficient to raise a jury issue that appellant provoked the encounter between himself and his wife by first shooting her mother which supplied the impetus for the shooting incident between appellant and his wife. The jury could conclude from this testimony that appellant, angry because his wife was leaving him because of her mother's influence, shot at the mother-in-law hoping to provoke his wife into attacking him, thus giving him a pretext for either killing or causing bodily injury to his wife. *See Hall v. State*, 402 S.W.2d 752, 755 (Tex.Crim.App.1966); *see also Bennett v. State*, 726 S.W.2d 32, 36 n. 3 (Tex.Crim. App.1986).

We hold the evidence sufficient to raise a question of fact for jury determination and overrule appellant's point of error.

The judgment of the trial court is affirmed.